## Foreman v. L. & N. R. R. Co.

(Decided February 3, 1911.)

### Appeal from Ohio Circuit Court.

1. Master and Servant.—The master is not liable to a servant, who in the ordinary course of his employment receives injuries as a result of his failure to exercise ordinary care for his own safety. To authorize a recovery there must be a breach of duty on the part of the master.

2. Rule 33 of the Court.—The attention of attorneys is called to rule 33 of the Court, providing that "whenever a case cited or referred to by counsel in brief or argument has been published in the Kentucky Reports, which is the only official publication of the decisions of this Court, attorneys must cite, refer to and use the Kentucky Reports and no other publication." Its observance is requested, and will be appreciated by the Court.

W. H. BARNES for appellant.

CHAS. H. MOORMAN, GLENN & SIMMERMAN, BENJAMIN WARFIELD and FRED P. CALDWELL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

A demurrer was sustained to the petition and amended petition of appellant, in which he attempted to set up a cause of action entitling him to recover damages from the appellee company on account of personal injuries received by him while in its employment as a carpenter. The only question before us is whether or not the petition as amended stated facts sufficient to constitute a cause of action.

It is averred in the petition that while appellant was at work for appellee as a carpenter, and acting in the scope of his employment, and using due care for his own safety, he was by the gross negligence and carelessness of his superior officer, ordered and directed to labor and perform work in a dangerous and unsafe place, and in a

dangerous and unsafe manner, and that such superior officer was then and there personally directing him in the place of his work and in the way and manner he should perform the same, and he was acting in obedience to the orders and under the personal supervision and direction of his superior when he was injured. He further averred that to perform the work at said place and in such way and manner was more than ordinarily dangerous, but that he did not then appreciate the dangers or risks to which he was subjected, and did not know that the work was dangerous or unsafe; but that these facts were known to his superior or could have been known by him in the exercise of ordinary care. He averred that while so laboring he lost his balance and fell from a steep roof where he was at work under the direction of his superior, thereby receiving serious injuries.

The court required appellant to make the petition more specific and certain, and thereupon he filed an amended petition in which he set up that at the time he was injured—"he was attempting to and carrying across and over a toe board, which was then and there insufficient and unsafe and which was placed on the roof of a pump house, a ventilator to be placed in the gable or end of said house, when because of its dimensions, size and weight, he first discovered his danger and peril and in attempting to lay it down, for the purpose of relieving himself of it and avoiding the danger, when because of its dimensions, size and weight, the end of it striking against the building or roof, unbalanced and knocked or caused his feet to slip from the toe board, which was not sufficient to support them or to hold him, and to fall from said roof. * * * That he was at the time acting, under the direct orders and personal supervision of an agent and superior servant to him, in the employment of defendant; that said dangers and perils in the performance of said work were more than ordinarily dangerous but that this was unknown to plaintiff but known to the defendant, or might have been discovered by it by the use of ordinary care; that to pass to and fro over said toe board, on said roof, without tools or material was not more than ordinarily dangerous, but to pass over the same with the material above stated was more than ordinarily dangerous, and this was then and there unknown to plaintiff but known to defendant; that plaintiff and others had theretofore passed over the same in safety, without tools or material, but to carry material

of the size, dimensions and weight of said ventilator was more than ordinarily dangerous and hazardous but not so dangerous and hazardous that a man of ordinary prudence would not undertake it, in the way and manner in which plaintiff was directed by said superior servant to perform it and performing it and but for which direction and orders he would not have so performed it.''

We gather from these pleadings that appellant, a carpenter in the employ of the appellee company, was carrying up the inclined roof of a building a ventilator for the purpose of putting it in the end of the building, and that while walking on a plank nailed to the roof, with cleats across it to make the walking less dangerous, some part of the ventilator that he was carying struck against the roof of the building, thereby causing him to lose his balance, and slip from the toe board, whereupon he fell from the roof to the ground. There was no defect in the construction of the roof or the ventilator or the toe board, and appellee was perfectly familiar with the construction of the building and the labor he was performing. There was nothing new or novel about it. The accident that befell him was caused by the fact that the ventilator he was carying struck the roof of the building. He had used the toe board in walking on the roof before the accident, and admits that it was sufficiently safe if he had not been carrying the ventilator. The only thing that made his work at all dangerous was the fact that he was carrying the ventilator. He was an experienced mechanic and had right before his eyes everything connected with his work. There was nothing hidden or concealed about it. He knew as much of the danger, if any, in carrying the ventilator as his superior did. If the toe board was not suitable he knew it as he had been using it for sometime. It is true that he was directed to carry the ventilator by his superior, but this was not a peremptory order, it was merely a direction given in the usual course of the employment and in the usual manner in which directions and orders are given to laborers. There was no hurry, no emergency and no assurance of safety. Under these circumstances an experienced laborer of ordinary intelligence, as appellant was, cannot shut his eyes to the danger attending the particular work he is engaged in, or hold his employer liable for an injury that may happen to him. In every employment accidents and resulting injury happen, but it is not in every case that a recovery will be allowed. The employe to maintain a cause of

action must show that his employer has committed some breach of duty. We said in Avery & Sons v. Lung, 32 Ky. Law Rep., 702, where an action was brought to recover damages for injuries sustained by an employe whose duty it was to move loaded trucks from one place to another, that:

"The doctrine which requires the master to provide and maintain a reasonably safe place in which his servant is to labor, does not admit of that construction which excuses the servant from using his eyes, and the plainest precaution for his own safety. * * * When servants can see and actually see the conditions, and without complaint or assurance undertake to do their work under these conditions, in the absence of statutory responsibility, they assume such risks as are incident to the conditions. An adult may assume the risks incident to insecure premises, or insufficient tools, if he wants to. If he does so, with full knowledge of the conditions, there is no law in this State that makes the master liable to him if injury befalls him on account of the very conditions he knowingly assumes." To the same effect is Kirby v. Hillside Coal Co., 32 Ky. Law Rep., 519; Breckinridge & Pinsville Syndicate v. Murphy, 18 Ky. Law Rep., 915; Pullman Co. vs. Geller, 128 Ky., 72; Tanner v. Wickliffe Coal Co., 32 Ky. Law Rep., 1304; Nicholas v. Abadie Co., 124 S. W., 325; Trosper v. East Jellico Coal Co., 135 Ky., 406; Runians v. Keller & Brady, 141 Ky., 827.

The cases of P. C. C. & St. L. Ry. Co., v. Schaub, 136 Ky. 652; Cooper's Admr. v. Oscar Daniels Co., 29 Ky. Law Rep., 1172; Ross-Paris Co. v. Brown, 121 Ky., 821; Illinois Central R. R. Co. v. Keebler, 27 Ky. Law Rep., 305; and Ballard & Ballard Co. v. Lee, 131 Ky., 412, relied on by counsel for appellant, are based on facts entirely different from those presented in this case.

(Counsel on both sides of this case, in disregard of Rule 33 of the court, providing that "Whenever a case cited or referred to by counsel, in brief or argument, has been published in the Kentucky Reports, which is the only official publication of the decisions of this court, attorneys must cite, refer to and use the Kentucky Reports and no other publication," have used in citing cases, the Kentucky Law Reporter and the Southwestern Reporter, although the cases referred to could be found in the Kentucky Reports. The observance of this rule would be appreciated by the Court, as an acknowledgment by the bar that it respects the rules of the Court,

aside from the fact that its non-observance puts upon the Court the labor of looking up cases in the Kentucky Reports that are referred to by attorneys in other publications. We again ask attorneys to give attention to the rule in question.)

Wherefore the judgment sustaining the demurrer is affirmed.