## Cincinnati, New Orleans & Texas Pacific Ry. Co. v. Skinner.

(Decided April 25, 1911.)

### Appeal from Scott Circuit Court.

Railroads—Assumption of Risk—Knowledge of Danger—Recovery for Injury Denied.—No principle of law is better settled than that where one of mature age and experience voluntarily accepts employment in a place or business he is presumed to have contracted with reference to the risks and hazards of such business and he is chargeable with knowledge of the various conditions under which the employment is conducted and with the exercise of reasonable care to avoid dangers to such employment. Having voluntarily undertaken the work and without objection continued in its prosecution when he knew that the light was insufficient he cannot recover because of an injury resulting while so engaged.

BRADLEY & BRADLEY for appellant.

R. M. LEE & B. F. GRAZIANI for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

W. S. Skinner was in the employ of the Cincinnati, New Orleans & Texas Pacific Ry. Co., doing general carpenter work. While engaged with another carpenter, named Murphy, in building a stairway in a building in Cincinnati, belonging to said company, he fell and injured one of his ankles, so that he was incapacitated for work for some time. Alleging that his injury was due to the negligence of his employer, he brought suit in the Scott Circuit Court, the home of his residence, to recover damages for the injury which he alleged he had sustained.

He rested his right to recover upon the failure of the Railway Company to furnish him a reasonably safe place in which to work, the place being made unsafe by reason of the three following facts: 1. the room in which he was working was so dark that he could not see the condition of the stairway; 2, the stairway was obstructed by material; 3, the bottom step thereof had been removed without his knowledge. The Railway Company denied liability, and pleaded affirmatively that the injury, if not due to the negligence of plaintiff, was one of the risks which he assumed in undertaking the employment which he did. In a trial before a jury plaintiff recovered a verdict for $500, and the Company appeals.

The grounds relied upon for reversal are, first, that the court erred in refusing to give a peremptory instruction at the close of plaintiff's evidence; or second, if not entitled to a peremptory, that the court misinstructed the jury as to the measure of damages.

From plaintiff's testimony it appears that he and a man named Murphy, who was somewhat his senior, were engaged in building a staircase from the ground to the second floor of the depot building. The horses had been cut and put in place and the steps prepared and placed in position. Plaintiff had gone up to the top of the steps to secure the hand railing in its proper place. His assistant, or co-worker, Murphy, was at the time engaged at something else. It appears that, after plaintiff went to the top of the steps, Murphy removed the bottom step, which had not been nailed, and left a hammer and some nails, and perhaps some other tools, on the floor near the bottom step. In descending plaintiff stepped or jumped upon this hammer, which caused his foot to turn, thereby causing the injury complained of.

The first of the three particulars relied upon to constitute the negligence set up in his petition is, that the place where he was required to work was insufficiently lighted. It appears that the foot of the stairs was near a large door, some eight by ten feet, opening out of the building. This door at the time was open, and afforded such light as was to be had from the street. Plaintiff testified that in ordinary weather the light from this door was sufficient to have enabled him to carry on his work; but he insists that upon the day upon which he was injured the weather was murky and cloudy and the light insufficient. The building was wired with electric

wires, but no bulbs were supplied so that the electricity could be used. He knew that the bottom step had not been nailed and that it might be necessary to remove it in order to secure the hand railing. The tools and nails which were left upon the step and which he alleged caused his foot to turn when he jumped or stepped upon them, were evidently left there by his co-worker Murphy. Now, conceding all he claims to be true, was the company guilty of actionable negligence? It was necessary to have the stairway built where appellee and his co-worker Murphy were directed to build it. They had been engaged at it for some time the day before. He knew the light with which the building was supplied. He made no objection to proceeding with the work because of insufficient light. There is nothing in the record to justify the conclusion that the company, or the foreman under whom he was working, knew that the plaintiff did not regard the place a safe place in which to work because of insufficient light. Certainly, the company did not know that his co-worker Murphy would remove the bottom step and leave his tools in a position where plaintiff would be liable to fall over them. But appellee knew that he might do so. He knew that the bottom step was not nailed in place—that it had been left loose in order to fasten the support for the handrailing. He understood how the stair was being constructed. He knew that in its construction they were using nails, hammers, saws, and perhaps other tools, and that, when not in immediate use, these were laid around at places where they would be of easy access when needed again. And inasmuch as he knew these facts as well or better than his employer he is in no condition to complain about the removal of the bottom step or the presence of the nails and tools on the floor.

His real cause of complaint is that he was required to work where the light was so poor as to make it an unsafe place. His own testimony upon this point is very unsatisfactory. But adopting that view of it most favorable to him, what are his rights? No principle of law is better settled than that, where one of mature age and experience voluntarily accepts employment in a place or business, he is presumed to have contracted with reference to the risks and hazards of such business, and he is chargeable with knowledge of the various conditions under which the employment is conducted, and with the

exercise of reasonable care to avoid dangers which arise out of these conditions or are incident to such employment. A. & E. Encyc. of Law, Vol. 20, p. 107; Kelly v. Barber Asphalt Co., 93 Ky. 363; Wallace v. South Covington & Cincinnati Street Ry. Co., 118 S. W. 962. Applying this principle of law to the facts of this case, we find that appellee knew that this room was insufficiently lighted, and yet, with this knowledge, he went to work without objection or complaint. No one could judge of the sufficiency of the light for him so well as he. The master may have regarded it as ample. It may have been ample for other employees. In fact, the evidence shows that it was. But if he found it insufficient to enable him to properly carry on the business without risk or liability of injury to himself while so doing, he should have advised his employer of this fact. Where the dangerous or unsafe condition of the place where the work is conducted is known to the employee, and, without objection, he proceeds with the work, he brings himself clearly within the rule above announced, and is presumed to have assumed the risk. A different state of case might be presented if, when he discovered that the light was insufficient to enable him to properly do his work, he had complained to the foreman and had been assured that he would run no risk in continuing with the work under the conditions then existing. But instead of taking this course, he chose to continue with the work without notice to his employer that he regarded the light as insufficient, and, by his conduct, gave his employer no opportunity to correct the trouble, and, by artificial means, if necessary, provide him with a better light. Having voluntarily undertaken the work, and without objection continued in its prosecution when he knew that the light was insufficient, he cannot recover because of an injury resulting while so engaged.

The peremptory should have been sustained; and if, upon another trial the evidence is the same, or practically the same, as upon the last, a peremptory should be given.

Judgment reversed and cause remanded for further proceedings consistent herewith.