## Newport Rolling Mill Co. v. Mason

(Decided February 13, 1913.)

### Appeal from Campbell Circuit Court.

1. Master and Servant—Safe Place to Work—Assumed Risk.—The general rule is that a mature and experienced servant, who is injured in an employment that is ordinarily free from danger, by reason of some conspicuous and not intrinsically dangerous defect, with which he is entirely familiar, cannot recover damages from the master, as he will be deemed to have assumed the risk attending the employment.

2. Master and Servant—Concealed Defect in Premises—Liability of Master.—Where the floor in a room in which a servant worked was defective, and the defects were covered with flat pieces of iron, a servant who stepped on one of these pieces and was injured by reason of the fact that the edge of it went down in a hole in the floor, may recover damages for the injury sustained, on the ground that a concealed defect caused the injury, although he may have been familiar with the method of repairing defects in the floor.

3. Master and Servant—Risk of Injury by Hidden Defects not Assumed.—A servant will not be deemed to have assumed the risk of injury from a hidden defect that he did not see, and could not know of, in the premises where he works.

4. Evidence—Opinion Evidence—Admissibility of.—The general rule is that where the subject or thing under investigation is within the common knowledge or observation of the jury, and they are as familiar with it from observation or experience as the witness, and as well qualified as he is to have a correct opinion concerning it, they should be allowed to reach their own conclusion from the facts testified to by the witness without an expression of opinion on his part.

FRANK V. BENTON, for appellant.

ARTHUR C. HALL, JUDSON A. SHUEY, THOS. B. McGREGOR, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

The appellee, while engaged as a laborer in the employment of the appellant, received injuries caused, as he alleged, by its failure to furnish him a reasonably safe place in which to work. The defense was a traverse and plea of contributory negligence. On a trial before a jury he recovered damages in the sum of $1,460, and this appeal is prosecuted from the judgment entered on the verdict.

The errors assigned for reversal are, that the court should have directed a verdict in favor of appellant, and that error was committed in the admission of evidence as well as in the instructions given to the jury.

At the time he was injured appellee was working in a very large room, and he had been working at different places and at various kinds of work in this room for about nine years. On the occasion under investigation he was engaged in assisting to move sheets of iron from a table to which they were carried on a traveler to another table a few feet away. It was also a part of his duty to assist in carrying to the table any of the sheets that might fall from the traveler before reaching the table intended for their reception; and while he and another laborer were carrying to the table a sheet of iron that had fallen from the traveler, appellee, who was walking backward, stepped on a thin sheet of metal placed on the floor, which tilted and threw him, causing him to receive the injuries complained of.

It appears from the evidence that, when the wood floor in this room became worn by trucks running over it and the other uses to which it was put, the worn places would be covered with thin pieces of sheet iron of various sizes, depending on the size of the place intended to be covered. These pieces of sheet iron were not fastened to the floor but were laid flat on it; and there were a great many of them, at different places and of different sizes, on the floor.

This manner of covering defects in the floor had been followed during all the years that appellee was employed in this room, and he was, of course, thoroughly familiar with the manner in which these sheets of iron were laid and the purpose for which they were placed on the floor. It appears, however, that the floor covered by the piece of sheet iron that tilted when appellee stepped on it was worn through; or, in other words, there was a hole in the floor, and when appellee stepped on this sheet of iron one side or end of it went down in this hole, thereby causing it to tilt and throw him.

The peremptory instruction was asked upon the theory that appellee, on account of his familiarity with and knowledge of the numerous places where these sheets of iron were laid on the floor, and the purpose for which they were laid, assumed the risk of any injury he might suffer by stepping on one of them. In support of this contention the cases of American Tobacco Co. v. Adams, 137 Ky., 414; C., N. O. & T. P. Ry. Co. v. Skinner, 143 Ky., 342; Avery & Sons v. Lung, 32 Ky. L. R., 702; Foreman v. L. & N. R. R., 142 Ky., 63; Arnold v. L. & N. R. R., 22 Ky. L. R., 511; Wilson v. Chess & Wymond Co., 117

Ky., 567; City of Covington v. Belser, 137 Ky., 125, and Robinson-Norton & Co. v. Legrande, 151 Ky., 188, are relied on.

In each of these cases a recovery was denied an injured servant in a suit against the master to recover damages for injury sustained in the course of his employment, and the general rule laid down that a mature and experienced servant, who is injured, in an employment that is ordinarily free from danger, by reason of some conspicuous and not intrinsically dangerous defect with which he is entirely familiar, cannot recover damages from the master as he will be deemed to have assumed the risk; and if the rule thus laid down is applicable to the facts of this case the peremptory instruction requested should have been granted. It is, however, at once apparent that however sound a general rule may be as an abstract proposition, it cannot be invoked in any particular case unless the facts developed by the evidence justify its application. It is a rare thing that any two cases present even substantially the same line of facts, and so it is necessary to carefully understand the facts that are made the basis of a recovery before adjudging cases by any general rule.

The evidence in this case makes it plain that appellee was thoroughly well acquainted with the fact that many sheets of iron were laid on the floor, and with the purpose for which they were laid. In the course of his employment during the years that he worked in this room he had, times without number, seen and walked on and over them, and if he had slipped and fallen while walking on or over one of these sheets of iron we would say, as was said in the Adams case, where a servant slipped and fell while pushing a truck because, as he testified, the floor was uneven and slippery, that:

"A person, under circumstances like these, who is required to walk over a slippery floor, in an employment like this which is free from any danger or hazard, cannot recover merely because he slips and falls. The place was not intrinsically dangerous. The employment was not at all hazardous. The implements used were of the simplest character. The servant, under facts like these, will not be heard to say that he did not see or know the conditions that existed immediately under his eyes."

But the injury to appellee was not caused by slipping on or stumbling over the piece of iron. It was due

to the fact that there was a hole entirely through the floor into which the end or edge of the iron covering went when appellee stepped on it, and this hole was concealed from view by the sheet of iron that covered it. Appellee knew the iron was there, but he did not know that there was a hole in the floor under it that would cause it to tilt when he stepped on it.

These irons were placed on the floor for the purpose of being stepped on and walked over, and it was the duty of the master to exercise ordinary care to maintain them in such condition as that they could be stepped on and walked over with reasonable safety, and this it failed to do. As the thing that caused appellee's injury was a hidden defect that he could not see and did not know of, he did not assume the risk of being injured by it. We think the court properly submitted the case to the jury.

It is further said that the court committed error in permitting appellee to testify that it was not safe to use these iron plates in the manner in which they were used, the argument being that the witness should have stated facts without expressing an opinion.

Whether or not opinion evidence is admissible is often a close question, the general rule being that where the subject or thing under investigation is within the common knowledge or observation of the jury, and they are as familiar with it from observation or experience as the witness and as well qualified as he is to form a correct opinion concerning it, they should be allowed to reach their own conclusion from the facts testified to by the witness without an expression of opinion on his part. L. & N. v. Molloy, 122 Ky., 219; L. & N. v. Milliken, 21 Ky. L. R., 489.

Here one of the principal issues to be determined by the jury was whether or not it was safe to cover defects in the floor with these plates of iron, and the conditions under which they were used and the exact manner of their use, were not within the common observation or knowledge of the jury, and we think it was permissible to let the witness, who was entirely familiar with the place and conditions, express an opinion as to the safety of the method employed to cover defects in the floor. Aside from this, we are satisfied that the few questions and answers pointed out in brief of counsel were not prejudicial looked at from any viewpoint.

It is also complained that the court did not correctly instruct the jury, and further insisted that offered instructions were improperly refused. In the instructions given the court told the jury in substance that it was the duty of the company to exercise ordinary care to furnish appellee a safe place in which to work considering the nature of the employment, and that it was the duty of appellee to exercise ordinary care to avoid danger from obvious defects and also to exercise ordinary care for his own safety. They were further told that if they believed from the evidence that the floor in the room was dangerous for use by the employes, and that the company knew its condition, or by the exercise of ordinary care could have known it, and appellee was injured by reason of the dangerous condition of the floor, of which he did not know, and could not have known by the exercise of ordinary care, they should find for appellee. They were also instructed that if they believed from the evidence that the floor was in a reasonably safe condition they should find for the company.

These instructions, we think, submitted fairly the only issues in the case. Several instructions were offered by counsel for appellant, but they were properly refused, because the instructions given covered the case.

Upon the whole case it seems to us the appellant had a fair trial and the judgment is affirmed.