## Paducah Pole & Timber Company v. Brockwell.

(Decided December 4, 1914.)

### Appeal from McCracken Circuit Court.

1. Master and Servant—Injury to Servant—Negligence.—Where a person drives through a door or under a trestle, right before his eyes, he must take notice of the size of the door or of the trestle, and not place himself in a position where there is a liability of his being struck.

2. Master and Servant—Injury to Servant—Negligence—Evidence.— Where plaintiff, a driver in the employ of a third person, engaged

in delivering staves to defendant, was directed by defendant's foreman to drive under a trestle when the usual passageway was blocked, and while endeavoring to avoid a line of stumps was struck by a bolt on the trestle and injured, held, that as his position on the wagon brought him in close proximity with the trestle and the trestle and the stumps were right before his eyes, and with knowledge of their existence he deliberately took the chance of coming in contact with the trestle, he was guilty of negligence in failing to exercise ordinary care for his own safety, and the facts did not warrant a recovery.

WHEELER & HUGHES for appellant.

DAVID BROWNING and IRENE KRONE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages against defendant, Paducah Pole & Timber Company, plaintiff, Jackson Brockwell, recovered a verdict and judgment for $1,500. The defendant appeals.

Defendant conducts a lumber yard on the river bank in the northern section of Paducah, on property leased for that purpose. Along this property is the right of way of the Illinois Central Railroad Company, which is used to transport engines and cars to the transport boats which are used to ferry them across the Ohio River. The tracks descend gradually from the high ground south of the defendant's yard to the water's edge, and rest upon trestle-work and then upon a raised embankment, and finally upon level ground where wagons and other vehicles can be driven across them. The trestle is near the land leased by defendant. Defendant not only used the yard leased by it as a yard, but also stacked lumber on the other side of the tracks. Defendant used the passage under the trestle for the purpose of delivering lumber from one side to the other. Plaintiff was in the employ of a man named Jones, and was engaged in delivering stakes to defendant. The only roadways in the yard were the spaces between stacks of lumber. The place where wagons usually drove across the tracks was where the tracks were on level ground. Some four or five days before the accident plaintiff claims that he attempted to cross the tracks at the place where the ground was level, and that, in order to do so, the foreman had to cut the cars. The foreman then told him that if he came through with a

load thereafter, and found the tracks at this point blocked, to use the opening under the trestle. Plaintiff was injured while driving through this opening. The trestle at the opening is about 8 or 8½ feet from the ground on one side and about 7 or 7½ feet high on the other. The distance between the piles supporting the tracks is 10 or 11 feet. The opening is about 26 feet long. On the ground in the open space beneath the tracks was a line of stumps 8 or 10 inches high, which were the ground-work of old piling which had been removed. Near the center of the beam at the top of the opening on the lower side of the trestle is a small bolt which protrudes from the beam. At the time of the accident plaintiff was driving an ordinary narrow gauge farm wagon loaded with 70 stakes, each 8 feet long and 4 inches in diameter at the butt end. He was seated on top of the load, which brought him in close proximity to the trestle. In passing through the trestle he leaned over for the purpose of watching out for and avoiding the stumps. While doing so, his wagon struck one of the stumps and was thereby elevated. This brought his back in contact with the bolt projecting from the beam above, which resulted in the injuries of which he complains.

Defendant insists that the verdict is contrary to the law and evidence, and is flagrantly against the evidence.

Plaintiff insists that a recovery was proper for the following reasons: Plaintiff being a servant of Jones, who had a contract with defendant to deliver staves at its yards, was on the premises by implied invitation of defendant. Not only so, but he was directed, in case the roadway across the tracks where the ground was level was blocked, to use the roadway under the trestle, where the injury took place. The roadway under the trestle was not reasonably safe on account of the presence of the stumps and the projecting bolt above. While plaintiff knew of the presence of the stumps and was endeavoring to avoid them, he came in contact with the bolt above, of the presence of which he did not know, and which was not so clearly observable as to make it his duty to see it.

It is admitted that the accident happened in broad daylight. Plaintiff had been under the trestle the same morning with an unloaded wagon. The trestle did not belong to defendant, and was in no way subject to its control. It had no power to change the structure in any

way whatsoever. As a matter of fact, it was a mere licensee in using the ground underneath the trestle as a passageway. The direction of defendant's foreman to plaintiff to use the passageway in question when the other passageway was blocked did not impose upon defendant a liability for any kind of accident that might have happened, without regard to the character of the load or the circumstances under which the passageway was being used. The evidence shows that when plaintiff was sitting on top of the staves loaded on top of the wagon, he was necessarily in close proximity to the trestle. Plaintiff also knew that if his wagon wheels struck one of the stumps it would have a tendency to bring him in closer proximity to the trestle. He knew of the presence of the stumps and also of the presence of the trestle. The bolt with which he came in contact was a part of the permanent structure of the trestle. The fact that he was struck by a bolt instead of any other part of the trestle in no wise affects the question. Plaintiff says he does not know whether he would have struck the trestle or not if the stumps had not been there. If striking the stump caused him to come in contact with the trestle, then, if he knew of the presence of the stumps, he ought to have avoided them and not thereby increased his risk of coming in contact with the trestle. On the other hand, if he would have come in contact with the trestle, not because of the stumps, but because he was seated so high on the wagon that he was in danger of coming in contact with the trestle, then the danger was right before his eyes, and he took the chances of injury by driving under the trestle in that position. This is not a case of a pitfall or concealed obstruction. It is apparent that plaintiff's position on the wagon was such as necessarily to bring him in close contact with the trestle. Suppose he had been seated a little higher, would the direction of defendant's foreman to use the driveway have authorized him to drive under the trestle without bending low enough, or getting off the wagon, to avoid coming in contact with it? In the case of Interstate Coal Co. v. Deaton, 148 Ky., 160, an infant employe, 17 years of age, drove a loaded wagon through a barn door. His back came in contact with a cross-beam 10 feet from the ground, against which the door closed. He lowered his head to avoid coming in contact with the cross-beam, but the cross-beam came in contact with his body and injured him. It was held

that there could be no recovery, on the ground that he knew the size of the door and of the presence of the cross-beam, and it was, therefore, his duty to avoid coming in contact with it.   Where a person drives through a door or under a trestle right before his eyes, he must take notice of the size of the door or of the trestle, and not place himself in a position where there is a liability of his being struck.   The opening under the trestle was not dangerous for one exercising ordinary care for his own safety.   It was only dangerous because plaintiff placed himself in a position where there was a probability of his coming in contact with it.   It is simply a case where the trestle was right before his eyes, and with knowledge of its existence, and of the existence of the stumps, and of his close proximity to the trestle, he deliberately took the chance of coming in contact with it.   Therefore, it cannot be said that his injuries were due to any negligence on the part of the defendant, but his own negligence in failing to exercise ordinary care for his own safety.   In our opinion, the finding of the jury is not only flagrantly against the evidence, but the evidence is wholly insufficient to warrant a recovery.

Judgment reversed and cause remanded for new trial consistent with this opinion.