## Andrews Steel Company v. Myers.

(Decided January 28, 1915.)

### Appeal from Campbell Circuit Court.

Master and Servant—Assumed Risk.—As a general rule when the danger is obvious the servant who appreciates the condition assumes the risk of any injury that may happen to him, but when the servant does not know of the danger and it is not so obvious as to put a person of ordinary prudence on notice, the master will be liable if the servant, while exercising ordinary care for his own safety, is injured by the failure of the master to furnish him a reasonably safe place in which to work.

WAITE & SCHINDEL and L. J. CRAWFORD for appellant.

VEITH & BAILEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this suit to recover damages for personal injuries the appellee, who was plaintiff, had a judgment against the appellant, that was defendant. A reversal is asked for errors in the admission of evidence, in the giving of instructions, and in refusing to direct a verdict in favor of the company.

The accident in which the appellee sustained the injuries complained of happened in this way: He was a laborer in the plant of the steel company, doing such work as he was directed to do by the foreman. On the day he was injured he was sent by his foreman from furnace number four to the ladle pit behind furnace number two to get a coil of hose. He was not given any particular directions how he should go from one place to the other, but merely told to go and get the hose.

There were, perhaps, two or three different ways Myers might have gone, but the way he did go, as appears from the evidence, was as safe and convenient as any other route, and it cannot be said that he went out of his way or that he was not authorized by the directions to go the way he did.

The hose he was ordered to get was near a pit called the ladle pit, which is an excavation in the ground several feet deep. Suspended some four feet above the ground and near this pit there was a large swinging, movable chute used to carry the molten metal from the furnace, against or near the side of which the chute was

suspended to the ladle that was placed in the pit when the metal was being run from the furnace to the ladle.

On the occasion when Myers was injured the chute was held against the side of the furnace, or perhaps molds, by a prop made of iron pipe. After Myers had gotten the hose and when he was dragging it on his way back to furnace number four, this prop, for some cause not explained in the evidence, fell down, and when the prop fell, the chute swung out toward the ladle pit from the place at which it was suspended, striking Myers and knocking him into the pit.

The negligence complained of was in having this chute propped with this iron pipe to keep it from swinging out, in place of having it made secure in its place, as could have been done by the crane or machinery with which it was operated.

One of the assigned errors is that the instructions were based on a state of facts not averred in the petition; but we do not think so. The original petition stated a good cause of action for personal injury under the law of master and servant. It averred that the chute, its machinery, equipment and appliances, were out of repair and dangerous to life and limb, and that this condition was known, or by the exercise of ordinary care could have been known to the steel company, but was unknown and could not have been known by the exercise of ordinary care to Myers. In an amended petition the cause of action was a little more elaborately stated, but the trial court erroneously, as we think, struck from this amended pleading certain pertinent averments. This ruling, however, did not leave the plaintiff, without a good cause of action, and the court did not err in permitting evidence showing the condition of the chute and the reasons why it was out of repair or in an unsafe or dangerous condition.

The instructions told the jury that it was the duty of the steel company to exercise ordinary care to furnish Myers a reasonably safe place to do the work required of him and to exercise ordinary care to keep it in safe condition, and if it failed to do this, and while Myers was exercising ordinary care for his own safety, the chute swung against him and he was thereby knocked into the pit, and they further believed that the swinging of the chute was due to carelessness or negligence on the part of the steel company, they should find for

Myers, and that unless they so believed they should find for the steel company. They were further properly instructed on the subject of contributory negligence, assumed risk and obvious danger, and we think, upon the whole, the instructions presented fairly the law of the case.

The principal ground relied on for reversal is that the court refused to give a peremptory instruction to find for the steel company. This instruction was asked upon two grounds: First, that Myers, by his contributory negligence, brought about the injury he complained of; and, second, that as the danger of the place where the injury happened was obvious, he assumed the risk.

Myers testified that he had never seen a chute propped like this one was, although he probably knew that the chute would swing around if the prop was taken away from it, nor did he or any other witness testify what caused the prop to fall, although it might be inferred that it was struck by the hose and knocked out of place. There is also evidence to the effect that the chute could have been retained in its position without the use of this prop. At any rate, upon these issues it would have been reversible error if the court had taken the case from the jury, because the evidence of Myers showed that he was exercising ordinary care for his own safety, that he did not know the danger that would follow the falling down of this prop, and that no act of his caused it to fall.

Myers, of course, saw this prop, but he did not understand or appreciate the danger to himself that might arise if it fell or was knocked down. It was not usual, so far as he knew or was advised, to have these chutes propped in this way to keep them from swinging about, and, under these circumstances, he did not knowingly walk into an obvious danger or knowingly do a reckless thing. It cannot be said under the evidence that he was not in a place where he had a right to be or that he assumed by his conduct the risk of being injured by this swinging chute. If, as the evidence shows, the chute could have been kept in place without this prop, and it was unusual to use props, then we think that Myers should have been told by his foreman of the danger that might follow the knocking or falling down of this prop.

The cases of Brucken v. Myers, 153 Ky., 274; Bollington v. L. & N. R. R. Co., 125 Ky., 186; Wilson v. Chess

& Wymond Co., 117 Ky., 567; Foreman v. L. & N. R. R. Co., 142 Ky., 63, relied on by counsel for appellant, presented a state of facts in which the danger of doing the way the servant did was obvious, and it was held that he assumed the risk; but here the danger of this prop falling was not obvious, and, besides, there is no evidence that anything that Myers did caused it to fall, although, as stated, it may be inferred that it was in some way struck by the hose.

We think the evidence authorized a submission of the case to the jury and that the instructions were as favorable to the company as it had a right to ask; wherefore, the judgment is affirmed.