## McLeod Store v. Vinson, by Next Friend.

(Decided March 9, 1926.)

### Appeal from Hopkins Circuit Court.

Negligence—Infant Chasing Guineas, Released by Store for Advertising Purposes, Assumed Risk.—Infant of 17 years of age, of ordinary intelligence and physique, engaging in race to secure guineas released by store for advertising purposes, held to have assumed risk of injury in scramble.

CLARENCE BARTLETT, R. T. KIMBROUGH and GORDON, GORDON & MOORE for appellant.

COX & GRAYOT for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The appellant owns and conducts a large department store in Madisonville, a city of seven or eight thousand people. On the 13th of April, 1923, it inserted in an afternoon paper published in that city an elaborate

advertisement announcing a guinea race to take place in front of its store on the following Saturday morning at ten o'clock. It was explained that the guineas were to be caught without being injured; that each one would be tagged and numbered and that the successful participants were severally to receive the fowl and a prize ranging in value from $2.00 to $7.00. At the time specified a large crowd assembled on the side walk and street in front of the store, and in the courthouse yard opposite. A member of the firm and three employees carried the guineas to the roof of the building and announced the rules of the race through a megaphone. The guineas were bedecked with ribbons and presented a gala appearance. When released some of them flew downward and lit on telephone wires above the pavement. These were dislodged and flew to the pavement in the crowd below some little distance apart, and in the chase to catch them a scramble ensued. In one instance a man was pressed through a plate glass window into the store building. In another plaintiff was injured. He was a youth, lacking one month of being seventeen years of age, and apparently possessed of ordinary intelligence and physique. He had come down town to mail some letters, and learning of the race, went over to see it, stopping in the courthouse yard, opposite the building. When the guineas were released he went through the crowd to the pavement in front of the store. The guinea last mentioned lighted a short distance from him and he endeavored to catch it, and together with other boys and perhaps men joined in the chase up the pavement. When within catching distance, he either stopped to catch it and was tripped or stumbled and fell to the pavement, six or eight others falling upon him, breaking his leg. When extricated he was carried to the hospital. The fracture was serious and the surgeons experienced great difficulty in setting the limb, and it was confined in a plaster cast for several months during which time he suffered greatly, and the usefulness of his limb is greatly impaired. In a suit for personal injuries he recovered a verdict for $5,000.00, from which this appeal results.

Without deciding the question, we may assume that an excited crowd chasing guineas for a series of prizes upon a congested city street would obstruct the street and cause inconvenience and some danger to travellers, and that this would render the one causing such commotion

liable to a person exercising due care in the proper use of the street, for any injury inflicted upon him by the racers. It may also be assumed that plaintiff was not guilty of contributory negligence *per se,* while engaged in the race. But a serious question to be considered is whether under the facts stated, it should be held as a matter of law that he assumed the risks ordinarily attendant upon the race in which he entered. In this he was a voluntary participant. There was no danger whatever to him when standing in the courthouse yard, and aside from joining in the race he had no occasion to go upon the street or pavement. The anticipated danger was as obvious to him as it was to appellant. While not an adult, he was practically 17 years of age, of ordinary intelligence and perfectly able to determine the risks ordinarily incident to such games. An ordinary boy of that age is practically as well advised as to the hazards of baseball, basketball, football, foot races and other games of skill and endurance as is an adult, and if injured while voluntarily engaged therein, stands on an entirely different footing from an infant of tender years, or from one who is injured while lawfully and properly using the highway.

As has been well said:

"Assumption of risk is in effect a waiver of defects and dangers and a consent on the part of the employe to assume them, no matter whether he be careful or negligent in his conduct. This consent is held to take away the injurious character of defendant's act and is bottomed on the old maxim, '*Volenti non fit injuria*—that to which a party assents is no wrong.' In such cases the injured party may at the time be in the exercise of all the care which the law requires, and still have no right of recovery." C., N. O. & T. P. R. R. v. Golston, 156 Ky. 410.

"One who knowing and appreciating a danger, voluntarily assumes the risk of it, has no cause of complaint against another who is primarily responsible for the existence of the danger. As between the two, this voluntary assumption of the risk absolves the other from any particular duty to him in that respect, and leaves each to take such chances as exist in the situation, without a right to claim anything from the other. In such a case there is no actionable negligence on the part of him who pri-

marily is responsible for the danger.   O'Maley v. S. Boston Gas Light Co., 32 N. E. 1119.   See also Pollock on Torts 138-144; Burdick on Torts 3rd Ed. page 93; Scanlan v. Weger, 31 N. E. 642; Blakey v. White Star Line, 154 Mich. 635; Winson's Admr. v. City of Henderson, 179 Ky. 220; Johnson v. City of New York, 78 N. E. 715; Fitzgerald v. Conn. River Paper Co., 29 N. E. 465.

"While usually applied to cases between master and servant, this defense is not restricted to cases arising by reason of such relation.

"In view of the fact that the doctrine of assumed risk is not based entirely in contract, but grows out of the application of the maxim, '*Volenti non fit injuria,*' it is well settled that independently of the relation of master and servant, there may be a voluntary assumption of the risk of a known danger which will debar one from recovering compensation in case of injury, even though he was in the exercise of due care.   Standard Oil Co. v. Titus, 187 Ky. 560, and cases cited."

As stated above appellee suffered serious injuries and his condition excites the pity and sympathy of anyone reading the record, but under the authorities stated, *supra,* it is clear that in entering the race he assumed the ordinary risks incident thereto and is thereby barred of recovery in this action.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.