## Poole v. Lutz & Schmidt, Inc.

(Decided May 17, 1938.)

HUFFAKER, HOGAN & BERRY for appellant.

ROBERT F. VAUGHAN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellant, J. O. Poole, a steam fitter employed by J. J. Denzinger Company, was injured while at work in a building being remodeled for the Dearing Printing Company, in Louisville. He was struck by a piece of brick knocked out of a wall being demolished by employees of the appellee, Lutz & Schmidt, Incorporated, an independent contractor. He sued appellee to recover damages, and the court gave a peremptory instruction against him.

There was a 55-foot brick wall running north and south between an old room and another recently built west of the wall. Poole was installing a heating pipe line from the northwest corner of the old room through the wall at the floor. He saw the men preparing to tear out the wall, erect scaffolds in this room, and hang a tarpaulin back of them so as to protect the Dearing Company's equipment in that east room from dust and débris. But no curtain or barrier was put up on the opposite side or in the west room. The work was done with chisels and hammers. There was a door near the south end of the wall, and a window near the north end. Poole had gone through the door into the new or west room and done some work in its northeast corner, or at the end of the wall opposite that in which the door had been cut. As we understand, the men had but recently started tearing out the wall, beginning at the south end, when Poole had reason to go back to the east room. He saw brick being knocked through the wall, but says they were dropped down close to it on the floor and none were being thrown any distance beyond the wall. Instead of passing through the window, he undertook to go through the doorway. As a matter of precaution he circled around to the west and approached the door almost directly, and when about 20 feet away was struck in the head by a piece of brick knocked out of

the wall. It does not appear that the men saw or knew Poole was at work in the room or was going toward the door. He testified, however, that Schmidt, one of the officers of the defendant company, had been in that new room while Poole was working there and knew that men were passing through the door. There is evidence tending to show that the presence of workmen should, in the exercise of ordinary diligence, have been expected to be there.

The plaintiff offered to prove by experienced wreckers that it was the custom in doing such work on such a wall to use hammers weighing four or five pounds instead of fifteen pounds as appellee's men were using, and that under conditions like those present here to hang a curtain behind the wall in order to prevent pieces of brick from being knocked too far. But the court sustained objections to this evidence under the view that the plaintiff had assumed the risk of being struck by the brickbat, and that the custom usually observed in demolishing a wall was immaterial. It was upon that theory of assumed risk that the defendant's motion for a peremptory instruction was sustained and the plaintiff's petition was dismissed.

The case is predicated upon the alleged negligence of the defendant in not placing a barrier or curtain in front of the wall in order to prevent workmen, whom it knew or should have known to be present, from being struck by brickbats. It is argued that the defendant was doing a dangerous thing in a careless way and that one does not assume a risk created by the negligence of another. We may, as did the trial court, concede the doubtful point that the defendant owed the plaintiff the duty of doing those things and failed to observe that duty. See Mattingly's Adm'r v. Hines, Director General, 192 Ky. 176, 232 S. W. 376, and cases cited. The fact remains, however, that the plaintiff saw and appreciated the danger and carelessness and deliberately walked into it. The plaintiff admits an apprehension of danger from a flying missile, for he took the precaution of circling around to get to the door.

The term "assumption of risk" has come to have a specific connotation through association with the law of master and servant, but in its broader aspect its common meaning and general application yet prevail. One who chances a risk or risks a chance and loses

must suffer the consequences. The doctrine of assumed risk is bottomed on the maxim "volenti non fit injuria," which means that to which a person assents is not regarded in law as an injury. It is to be borne in mind this is not an action by an employee against an employer, in which relation the assumption or risk rule arises, at least in part, out of the contract of employment. In such association the term is distinct from contributory negligence—the one being a matter of contract and the other a matter of conduct. Cincinnati, N. O. T. P. Railway Company v. Goldston, 156 Ky. 410, 417, 161 S. W. 246, 249. Even in master and servant cases when the danger is obvious, the servant who appreciates the condition assumes the risk of any injury that may happen to him. Andrews Steel Company v. Myers, 162 Ky. 418, 172 S. W. 663. It is always the duty of one to exercise ordinary care for his own safety, and facts showing that he did not may also prove that, in its broader sense, he assumed the risk, that is, that he took the chance of being hurt. In this connection the term "assumption of risk" is, in its nature, effect and import, equivalent to "contributory negligence." 20 R. C. L. 109; 45 C. J. 1044; Standard Oil Company v. Titus, 187 Ky. 560, 219 S. W. 1077; McLeod Store v. Vinson, 213 Ky. 667, 281 S. W. 799. It seems to us, therefore, that the trial court correctly ruled that in voluntarily exposing himself to the danger of being struck by a missile from the wall being demolished the plaintiff was guilty of negligence as a matter of law. Whether his injuries were in consequence of his sole negligence or contributory negligence is not material, for in either event he could not recover damages of the defendant. Wells v. W. G. Duncan Coal Company, 157 Ky. 196, 162 S. W. 821; Paducah Pole & Timber Company v. Brockwell, 161 Ky. 424, 170 S. W. 970; Lexington & E. Railway Company v. White, 182 Ky. 267, 206 S. W. 467; Bridgford v. Stewart Dry Goods Company, 191 Ky. 557, 231 S. W. 22; Stober v. Embry, 243 Ky. 117, 47 S. W. (2d) 921; Wallis v. Illinois Central Railway Company, 247 Ky. 70, 56 S. W. (2d) 715; Adams' Adm'r v. Callis & Hughes, 253 Ky. 382, 69 S. W. (2d) 711; Young's Adm'r v. Farmers & Depositors Bank, 267 Ky. 845, 103 S. W. (2d) 667; Coleman v. Benjamin F. Smith Company, 30 R. I. 250, 74 A. 915; Dietz v. Magill, Mo. App., 104 S. W. (2d) 707, 709. See, also, Myers v. Cassity, 209 Ky. 315, 272 S. W. 718; Cumberland Grocery Company v. Hewlett,

231 Ky. 702, 22 S. W. (2d) 97, holding that one seeing an automobile approaching and undertaking to beat it across the street is guilty of contributory negligence as a matter of law.

The judgment is affirmed.