## STOLL OIL REFINING CO.

### v.

### FLYNN.

Court of Appeals of Kentucky.

April 30, 1954.

C. A. Thornton, and James S. Carroll, Lexington, for appellant.

Marshall A. Dawson, Versailles, William H. Miller, Raymond C. Cravens, Lexington, for appellee.

CLAY, Commissioner.

This is a motion for an appeal from a judgment of $2,000 for personal injuries suffered by plaintiff. He was burned in a flash fire around a gasoline pump which started while he was repairing it. The defendant contends it was entitled to a directed verdict. We think the contention is sustainable on two grounds, even assuming appellee to have been an employee, about which there is some doubt.

We have been unable to find wherein the defendant was negligent, although plaintiff claims he was furnished an unsafe place to work. The facts show plaintiff was employed on an hourly basis to repair a gasoline pump at one of the stations controlled by defendant. According to plaintiff's testimony he was instructed to repair the switch and to put the pump in good working order. On cross-examination the following question was asked concerning the instructions given by defendant's agent, and the following answer was made:

"He told you to go down there and check the pump for leaks and put it in good working order?"

"That's right. I went down there and saw this condition and came back and told him it needed a switch."

It was further testified by plaintiff that he knew this pump, as any other such pump, was dangerous to work on.

The accident was caused when an electrical arc on the new switch being installed by the plaintiff ignited gasoline fumes around the pump. There is no showing defendant had better knowledge of the condition at the pump than did the plaintiff. While ordinarily an employer is required to furnish his employee a safe place to work, the rule does not apply where the employee is performing work to make a dangerous place safe, or where the work itself makes the place obviously dangerous. Skinner v. Smith, Ky.1953, 255 S.W.2d 621.

The only possible negligence in this case on the part of defendant would have been the failure to warn plaintiff of the possibility of gasoline fumes around a leaking gasoline pump. Since the plaintiff was bound to know and admitted the danger incident to such a condition, the defendant was not guilty of negligence in failing to warn the plaintiff of it. Because no negligence was shown, the trial court should have directed a verdict for the defendant.

What we have just said likewise demonstrates that the plaintiff assumed the risk of the injury he received. Since he appreciated the danger incident to the repair of the pump and his own actions caused the accident, he must be held to have assumed the risk of the possible consequences. See Poole v. Lutz & Schmidt, Inc., 273 Ky. 586, 117 S.W.2d 575. A verdict should have been directed for defendant on this ground also.

The motion for an appeal is sustained, and the judgment is reversed for consistent proceedings.