Rosemary DEAN et al., Appellant,

v.

Jacob MARTZ, Appellee.

Court of Appeals of Kentucky.

Nov. 20, 1959.

Lewis Levy, James R. Poston, Cincinnati, Ohio, for appellants.

James C. Ware, Covington, for appellee.

STANLEY, Commissioner.

The verdict and judgment were for the defendant, now appellee, Jacob Martz, in an action by Mrs. Rosemary Dean for damages for personal injuries and by her husband, William Dean, for expenses incurred by reason of her injuries.

Martz operated an amusement park and playground in Campbell County. Among the facilities was a baseball diamond and a grandstand for spectators. The central section of the stand immediately behind the home plate was protected by a heavy wire screen, and the other sections, extending toward first and third bases, were protected by a lighter screen, commonly called chicken fence wire, having a two-inch mesh.

On the afternoon of June 7, 1956, the plaintiffs had gone to the park for a picnic with other employees of the company for which Mr. Dean worked. He, his wife and six months old baby were sitting in the grandstand where they had gone to sit down in a protected and shaded place. A number of other persons were there. Mrs. Dean testified she was aware some boys were playing on the diamond but was paying no attention to them. They were playing with a soft, spongy, rubber ball about two inches in diameter. The proprietor of the park had sold them the ball and supplied them with the bat. He was present at the park. The ball was thrown, apparently wild, by one of the boys with such force that it went through the chicken wire screen, either by passing through the mesh or, possibly, but not probably, through a broken place in it. The ball struck Mrs.

Dean in an eye, causing a tear of the retina and other permanent injury. One of the boys playing ball was a part-time employee of the park, but was not on duty that afternoon. There was evidence that on another occasion that afternoon a ball had been thrown through the screen protecting the spectators, but had dropped harmlessly to the floor. Mrs. Dean testified she did not know this. But her husband, sitting nearby, saw it. The defendant admitted he knew it was customary for his patrons to play with balls of this kind and knew they had gone through the screen on other occasions. Photographs of the screen show two indistinct breaks or holes in it.

■ The proprietor of a place of public amusement or entertainment owes to patrons, as invitees, the affirmative duty of using ordinary and reasonable care for their safety and protection. This includes the duty to see that the premises are kept in a reasonably safe condition for the use intended, and to take due precaution to guard patrons from foreseeable hazards arising from the normal and expected use of the facilities by other patrons or third persons. There may be constructive knowledge of a defective condition or unsafe premises. Failure to observe such duties may constitute negligence and render the proprietor answerable in damages to a patron who suffers injury as the proximate cause of such negligence in the absence of an affirmative defense. Waddel's Adm'r v. Brashear, 257 Ky. 390, 78 S.W.2d 31, 98 A.L.R. 553; Louisville Baseball Club v. Butler, 289 Ky. 785, 160 S.W.2d 141; Phoenix Amusement Co. v. White, 306 Ky. 361, 208 S.W.2d 64; 52 Am.Jur., Theatres, Shows, etc., §§ 46, 48; 86 C.J.S. Theatres and Shows §§ 39, 41, 42(e); Shearman and Redfield on Negligence, §§ 644, 645. In particular, see 86 C.J.S. Theatres and Shows § 42(b); Note, 22 A.L.R. 633; Annotation, 142 A.L.R. 868, as to the legal duty of the proprietor of a baseball park to safeguard patrons from injury by implements used in the sport by providing seats protected by screening. It

is sufficient to say here that the defendant in this case having provided a protective screen, was under the duty of seeing that it was in a reasonably safe condition and was adequate for the purpose intended, namely, to protect patrons in the grandstand behind the screen from being struck by a ball, whether batted or thrown. Edling v. Kansas City Baseball & Exhibition Co., 181 Mo.App. 327, 168 S.W. 908; Note, 142 A.L.R. 877; Berrum v. Powalisz, 73 Nev. 291, 317 P.2d 1090.

■ We think it was a question for the jury to have determined whether the defendant should reasonably have foreseen that in making available to his patrons a two-inch, spongy, rubber ball and furnishing them with a bat with which to play, that the ball might pass through a two-inch mesh of the protective screen.

The instructions given in the present case conformed to the law as thus defined.

■■ The plaintiff, Mrs. Dean, is presumed to have been within the implied invitation to go to all parts of the defendant's grounds set apart for patrons. She had the right to assume the safety of the place she had gone to rest. She had the right to rely upon the screen erected for the protection of patrons in the grandstand being adequate and in good condition for whatever use it would be normally subjected to; provided, however, the circumstances were such that the jury could not say she assumed the risk of being struck by the ball or was contributorily negligent.

■ There was no evidence of negligence on the part of the plaintiffs; hence, giving an instruction on contributory negligence was not authorized. But the plaintiffs offered no objection to it. They did object in proper manner to the giving of an instruction on assumption of risk and to the form of the instruction on that defense which was given. The effect of giving both instructions was to duplicate and emphasize the defense. The contribu-

374

tory negligence instruction should have been omitted. We look to the propriety of the instruction on assumption of risk.

■ It is well recognized that the doctrine of assumption of risk may be applicable in tort cases other than those based upon the relationship of master and servant. Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S.W.2d 575. In this connection the doctrine has a dual nature or may be classed in two categories.

■ (1) One is independent of negligence, as where a person participates in a sport or amusement with others or voluntarily goes or remains in a place and freely assents to conduct of another person which may involve a risk of injury not intended or which is not the result of a negligent or wrongful act. Restatement, Law of Torts, §§ 892, 893. Thus, a spectator at a baseball game who chooses to sit in an unscreened grandstand or area, assumes the risk of being hit by a thrown or foul ball, for he voluntarily subjected himself to the hazards attendant upon and usually incident to and inherent in the game. 52 Am.Jur., Theatres, etc., § 65; Annotation, 142 A.L.R. 868. Within this class of cases are Hibbs v. Brown Hotel Company, Ky., 302 S.W.2d 127 (dancer bumped into by another); Kelly v. Forester, Ky., 311 S.W. 2d 547 (golfer struck by ball); Schmidt v. Fontaine Ferry Enterprises, Inc., Ky., 319 S.W.2d 468 (using amusement device).

(2) The other category of assumed or incurred risk is closely associated with the defense of contributory negligence. Poole v. Lutz & Schmidt, supra, 273 Ky. 586, 117 S.W.2d 575. It is a defense against liability for tortious conduct, such as negligence, where the injured person was not negligent in the general sense but voluntarily ventured or assumed the risk of being hurt by another party's negligence. The defense may be available where contributory negligence is not, such as where one voluntarily and knowingly exposes himself to harm by going to or remaining at a place where he knows there may be risk

of being hurt through negligence or carelessness of another person. Restatement, Law of Torts, § 893; 38 Am.Jur., Negligence, § 172; 65 C.J.S. Negligence § 117; Shearman and Redfield on Negligence, § 135. Within this category are Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S.W.2d 575 (workman struck by brickbat during repair of a building); Columbia Amusement Co. v. Rye, 288 Ky. 179, 155 S.W.2d 727 (motion theater patron missing dimly lighted step).

In the present case the plaintiffs had the right to rely upon the implied assurance of safety afforded by the screen which the defendant had provided as protection against flying or thrown balls, including the unusual ball which the defendant knew was being used on this occasion by other patrons. 52 Am.Jur., Theatres, etc., §§ 57, 65.

There was some evidence, however, from which the jury may have found that the plaintiff chose to remain where she was when she knew or should have known that a ball could or might come through the screen.

■■ Not only knowledge, but an appreciation of danger or peril by the person injured is an essential element of the defense of assumption of risk. Accordingly, a person is not precluded from recovery unless he was sensible of danger as well as had knowledge of what was going on. Magruder v. Columbia Amusement Co., 218 Ky. 761, 292 S.W.2d 341; Columbia Amusement Co. v. Rye, 288 Ky. 179, 155 S.W.2d 727; Richards v. Richards, Ky., 324 S.W.2d 400; 65 C.J.S. Negligence § 174; 86 C.J.S. Theatres and Shows § 47; 38 Am.Jur., Negligence, § 188. Without an appreciation of risk there can be no voluntary assent or consent, for the doctrine is based on the maxim "volenti non fit injuria," which means that no legal wrong is done to him who consents. Ballentine's Law Dictionary.

■ An invitee is not obliged to make a critical inspection of the premises

or the conditions to assure himself they are safe or provide him with protection. However, the elements of knowledge and appreciation may be imputed where the peril is obvious and plainly observable and comprehensible by a person of ordinary prudence in the situation. This is generally a question of fact for the jury. Louisville Water Co. v. Bowers, 251 Ky. 71, 64 S.W.2d 444; Waddel's Adm'r v. Brashear, 257 Ky. 390, 78 S.W.2d 31, 98 A.L.R. 553; Geller v. Geller, 314 Ky. 291, 234 S.W.2d 974; Richards v. Richards, Ky., 324 S.W.2d 400.

The instruction in the case submitting the defense of assumed risk began with a definite statement that in entering upon the premises of the defendant the plaintiff, Mrs. Dean, "assumed all the risks incident to the use or customary use of said premises by herself and others." This was a broad, abstract statement of law without any qualification. Connected with the paragraph by the conjunction "and" was the further instruction which precluded recovery of damages if the plaintiff "knew or by the exercise of ordinary care could have known that the screen of said grandstand would not protect her from a ball the size of which struck the plaintiff and which was being used in the game" being played and had remained seated in the place she was.

It seems to us that giving the abstract, unqualified statement of law was error even though it was followed by a concrete instruction. This tended to confuse the jury. Stein v. Louisville Water Co., Ky., 249 S.W.2d 750. The specific part of the instruction was erroneous because it omitted the essential element of an appreciation of danger. Though the plaintiff may have had constructive knowledge that a ball had squeezed through the screen and dropped harmlessly to the floor of the grandstand, it would not conclusively follow that she realized the serious risk of a ball coming through the screen with such force that it would strike a person sitting on the second or third tier of seats with such violence that it would injure one sitting there. Yet, that was the effect and meaning of the given instruction omitting the element of comprehension of risk or appreciation of danger.

We are of opinion, therefore, that the judgment should be and it is reversed.

MONTGOMERY, C. J., dissenting.