R. Glen SPURLING, Appellant,

v.

PATERNO–MAYFLOWER, INC., Appellee.

Court of Appeals of Kentucky.

June 15, 1962.

Peter, Heyburn & Marshall, James W. Hendricks, Louisville, for appellant.

Davis & Mahan, Edwin O. Davis, Louisville, for appellee.

WILLIAMS, Judge.

The appellant, Dr. R. Glen Spurling, was injured when he removed a metal cover from a radiator located in an apartment he had rented from appellee, Paterno-Mayflower, Inc. Appellee's motion for summary judgment in appellant's suit for damages was sustained.

The proof in the case is by deposition of appellant taken by appellee. In order to adjust the heat controls on the radiator it was necessary to remove the metal cover which encompassed the entire unit. During the two months appellant had lived in the apartment he had removed the cover with difficulty one time. It had been removed a second and a third time with like difficulty by the apartment maintenance man. On each of the last two occasions the maintenance man had attempted to adjust the cover so that it might be removed more easily.

The injury occurred on a Sunday morning. There was no maintenance man on duty at that time. The weather was cool and appellant was attempting to adjust the heat output. Appellant's testimony concerning what happened follows:

"58  On this particular Sunday, can you describe a little better what you had hold of or what actually occurred when the accident happened?

"A  Yes. The radiator covers normally lift straight up. They are quite a flush fit with the woodwork, so it is necessary to pull straight up on them in order to displace them. On this occasion, in order to pull up straight on this radiator, I was in a squatting position, with my hand on either side * * *

"59  And you are indicating some three feet apart with your hand?

"A  Yes, about three feet wide * * and I was lifting on the radiator cover, and the top hung, and I was attempting to shake it loose, and it suddenly gave way and I went back in a jackknife position.

"60  How much would you say this radiator cover weighs?

"A  25 pounds, maybe. I just don't know.

"61  Just your guess.

"A  Yes.

"62  And when it is in correct position how high is the top of it from the floor?

"A  I think about 36 inches, or thereabouts.

"63  Now, how high was it when it got stuck and you were jerking on it as you have indicated?

"A  Well, I don't think it had moved upward at all. I think it had moved outward a bit, and was hanging at the usual place where it hangs, over on the left hand corner where it fits beside the windowsill.

"64  In other words, the top of the cover apparently would hang on the windowsill?

"A  Well, it doesn't hang on the windowsill * * * that isn't quite the correct term for it. It hangs on the

radiator on the under surface; and the maintenance man on two occasions had tried to adjust it by bending the cover so that it wouldn't hang on the under surface, and he thought on both occasions that he had helped the situation, but it still hung."

As a result of the fall appellant suffered a compression fracture of the first lumbar vertebra.

The circuit court sustained the motion for summary judgment on the ground that appellant as a matter of law assumed the risk of the accident which he suffered. It has been said that the doctrine of assumption of risk and the doctrine of contributory negligence are in legal effect identical; that the actual fact of assuming a risk constitutes contributory negligence as a matter of law. Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83; Morrison & Conklin Construction Co. v. Cooper, Ky., 256 S.W.2d 505. The technical difference between the two doctrines is pointed out in Prosser on Torts (2nd Ed.1955) p. 305:

"In working out the distinctions the courts have arrived at the conclusion that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while contributory negligence is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be. The two may coexist, or either may exist without the other." Citing Chesapeake & O. R. Co. v. DeAtley, 159 Ky. 687, 167 S.W. 933.

Appellant argues that the doctrine of assumption of risk applies only where an obvious and perilous situation exists, and that he was in no obvious position of peril of bodily harm in removing the radiator cover. He says the fact that the cover stuck was a defect which was clearly the proximate cause of his injury but did not create an obviously perilous situation. We recognize that before a person may be said to assume a risk he must know and appreciate the danger. Dean v. Martz, Ky., 329 S.W.2d 371; Robertson v. Land, Ky., 353 S.W.2d 389; Nantz v. Nantz, Ky., 354 S.W.2d 283. But, if there was no peril apparent to appellant, by the same token there could have been no peril apparent to appellee. Each party knew the radiator cover was difficult to remove, but on prior occasions had been removed by appellant and by appellee's employee without harm to either. Turning again to Prosser on Torts (2nd Ed. 1955) p. 311, it is said:

"The law distributes the hazards in accordance with a more or less common understanding of the position in which the plaintiff consents to be placed, or the obligation which the defendant may reasonably be taken to assume."

See Leslie Four Coal Co. v. Simpson, Ky., 333 S.W.2d 498.

The assumption of risk doctrine was originally confined to a master servant relationship, but has been allowed to spill over into other facets of the law. As heretofore pointed out in cases included in the latter category the actual fact of assuming a risk constitutes negligence as a matter of law. See Jackson v. Kreeger, Ky., 242 S.W.2d 753.

Assuming there was some negligence on the part of appellee by failure to properly adjust the radiator cover, it is obvious appellant was contributorily negligent as a matter of law by failure to take precautionary protective measures while attempting to shake the cover loose when he knew it was stuck.

We conclude the circuit court properly sustained the motion for summary judgment.

The judgment is affirmed.