CASE 88.—ACTION BY ALICE WESTCOTT, ADMINISTRATRIX OF EDWARD WESTCOTT, DECEASED, AGAINST THE CITIZENS' TELEPHONE CO., FOR CAUSING THE DEATH OF HER INTESTATE.—February 21.

# Citizens' Telephone Co. v. Westcott's Admx.

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Electricity—Contributory Negligence—Knowledge of Danger. —Where deceased knew of and deliberately placed himself in position to receive an electric current, though its existence was due to defendant's negligence, there can be no recovery.

2. Same—Trial—Instructions.—The uncontradicted testimony that deceased was told that a telephone wire crossed an electric light wire; that he saw sparks flying from the telephone box; that he touched the box at various times with his fingers, and with a wire, causing it to emit sparks; that he placed his hand upon the box and received the shock that killed him—is sufficient to require a peremptory instruction to the jury to find for defendant.

THOS. P. CAROTHERS, attorney for appellant.

### SUMMARY.

This appellant believes that it should have a reversal of this cause—

1. Because, the trial court refused to set aside the swearing of the jury after its minds had been prejudiced by the statement of counsel for plaintiff that the decedent had left a widow and six small children, "the youngest one a baby out there in arms."

2. Because, the trial court permitted the widow of intestate to testify as to the children the intestate left.

Citizens' Telephone Co. v. Westcott's Adm'x.

3. Because, there was no proof of intestate's power to earn money.

4. Because, the proof does not justify the measures of damages by the instruction for same.

5. Because, the intestate is clearly shown to have contributed to his own death by his own acts and unless he had so acted his death would not have occurred.

6. Because, the damages are excessive and show plainly that from all the facts and from all the occurrences at the trial the jury was influenced by passion and prejudice.

7. Because, the co-defendant by the proof was, if appellant was guilty of negligence, equally as guilty, and the fact that the jury found against one only, a self-evident fact that passion and prejudice influenced the jury.

8. Because, the wire of appellant was interfered with, moved and changed without appellant's knowledge or consent and at a time so shortly before the accident that it could not by the utmost care have known it.

9. Because, the instructions of the court are not the law in the case.

### AUTHORITIES CITED.

Standard Oil Company v. Tierney, 92 Ky., 369; Louisville & Nashville R. R. Co. v. Shumaker's Adm'r, 21 Ky. Law Rep., 803; L. & N. Ry. Co. v. Eakin's Adm'r, 20 Ky. Law Rep., 819; City of Chicago v. O'Brennan, 65 Illinois, 163; L. & N. Co. v. Fox's Adm'r, 20 Ky. Law Rep., 81; L. & N. R. R. Co. v. Mulfinger's Adm'x, 26 Ky. Law Rep., 3; Buey's Adm'x v. Chess & Wymond, 27 Ky. Law Rep., 198; Carey v. Samuels & Co., 28 Ky. Law Rep., 6; City of Owensboro v. York's Adm'r, 25 Ky. Law Rep., 1397 and 1439; L. & N. R. R. Co. v. Berry's Adm'x, 96 Kentucky, 604; L. & N. R. R. Co. v. Long, &c., 94 Kentucky, 410; L. & N. R. R. Co. v. Creighton, 20 Ky. Law Rep., 169; Board of Internal Improvement for Lincoln County v. Morris' Adm'r, 23 Ky Law Rep., 1885; Illinois Central R. R. Co. v. Watson's Adm'r 25 Ky. Law Rep. 1360.

GREENE & VANWINKLE for appellee.

THOS. L. MICHIE and PHILIP of counsel.

### POINTS AND AUTHORITIES CITED.

"Res ipsa loquitur." (Delahunt v. United Telephone and Telegraph Co., 64 Atlant., 515.)

1. Utmost pains commensurate with danger. (Lewis' Adm'r v. Louisville Electric Light Co., 30 S. W., 992, 21 Ky. Law Rep., 34; Macon v. Paducah Street Ry. Co., 62 S. W., 496, 23 Ky. Law Rep., 46; Thomas' Adm'r v. Gas Company, 56 S. W., 153, 21 Ky. Law Rep., 1690; Crosswel on Electricity, chap. 17, sections 383 to 395.)

2. Where accident occurs there is a prima facie case. (City Electric Railway Company v. Conery, 31 L. R. A., 570; McKay v. Southern Bell Telephone Company, 31 L. R. A., 589; Western Union Telegraph Company v. Nelson, 31 L. R. A., 572; Ashland Coal Company v. Wallace's Adm'r, 42 S. W., 742, 19 Ky. Law Rep., 1028; Haynes v. Raleigh Gas Company, 114 N. C., 203, 26 L. R. A., 810; Henning v. Western Union Telegraph Company, 41 Fed., 864; Ahern v. Oregon Tel. Co., 24 Ore., 276, 22 L. R. A., 635; Western Union Telegraph Company v. Thorn, 22 L. R. A., 635, 64 Fed., 287.)

3. Contributory Negligence. (East Tenn Telephone Company v. Simm's Adm'r, 36 S. W., 171; Southern Railroad Co. v. Goddard, 89 S. W., 677, 28 Ky. Law Rep., 523; Fugate v. City of Somerset, 29 S. W., 970, 16 Ky. Law Rep., 807; Finnegan v. Falls River Gas Company, 159 Mass., 211.)

4. Measure of Damages. (Louisville and Nashville Ry. Co. v. Shumaker's Adm'r, 21 Ky. Law Rep., 803; Louisville and Nashville Ry. Co. v. Eakin's Adm'r, 20 Ky Law Rep., 742; Southern Ry. Co. v. Evan's Adm'r, 23 Ky. Law Rep., 568, 63 S. W., 445; Standard Oil Company v. Tierney, 92 Ky., 377.)

5. Evidence as to family. (Louisville and Nashville Ry. Co. v. Taafe's Adm'r, 50 S. W., 850, 25 Ky. Law Rep., 64; C. N. O. & T. P. Ry. Co. v. Sampson's Adm'r, 30 S. W., 14, 16 Ky. Law Rep., 819; Railroad v. Kelly's Adm'r, 38 S. W., 852, 18 Ky. Law Rep., 819.)

6. Evidence of gross neglect. Degree of negligence is a question for jury. (Louisville and Nashville Ry. Co. v. Mitchell, 87 Ky., 327, 8 S. W., 706; Needham v. Louisville and Nashville Ry. Co., 85 Ky., 423, 3 S. W., 797; C. N. O. & T. P. Co. v. Shelby, 85 Ky. Law Rep., 527; Greenwood v. McHenry Coal Co., 14 Ky. Law Rep., 336.)

7. Evidence of earning only an item for the consideration of jury. (Louisville and Nashville Ry. Co. v. Scott's Adm'r,, 56 S. W., 574, —— Ky. Law Rep., ——; Louisville and Nashville Ry. Co. v. Mullfinger's Admrx., 80 S. W. 502; Chesapeake and Ohio Ry. Co. v. Lang's Adm'r, 38 S. W., 504, 18 Ky. Law Rep., 794; Chesapeake and Ohio Ry. Co. v. Dupee, 68 S. W., 15, 24 Ky. Law Rep., 94.)

OPINION OF THE COURT BY JUDGE BARKER—
Reversing.

This is an action instituted by Alice Westcott, as
administratrix of Edward Westcott, deceased, to
recover damages for the death of the deceased, who
was her husband, from the effect of an electric shock
received by him on August 21, 1905. The appellant,
the Citizens' Telephone Company, and the Union
Light, Heat & Power Company, both corporations
doing business in Newport, Ky., were made defend-
ants, and charged in the petition with having, by gross
negligence, caused the death of Edward Westcott.
Both defendants filed answers, controverting all the
material allegations of the petition, and pleading con-
tributory negligence on the part of the decedent.
These affirmative allegations of the answer were con-
troverted by reply, and the issues thus completed.
A trial resulted in a verdict against the Citizens' Tele-
phone Company for $15,000, and in favor of the
Union Light, Heat & Power Company. From the
judgment based upon this verdict this appeal is
prosecuted.

The substantial facts are as follows:  At the time
of his death Edward Westcott was in the employ of
the Chesapeake & Ohio Railway Company and the
Louisville & Nashville Railroad Company as night
gate operator, and was engaged at his business in the
watchtower at the railroad crossing on Monmouth
street, between Eleventh and Twelfth streets, in New-
port, Ky.  In the watchtower there was what is called
in the record "a block signal telephone box," which
is a part of a line of railroad telephone used by the
above-mentioned railroad companies for their private
business, but which is owned and operated by the

Citizens' Telephone Company. The telephone line had sagged down on John street until it rested upon the highly charged electric wire of the Union Light, Heat & Power Company, and had by this contact become itself dangerously charged with electricity, which it conveyed to the telephone box station in the watchtower. As soon as the dangerous current reached the telephone box it burned out the fuse and manifested itself by a buzzing sound and emitting sparks. This unusual condition of affairs attracted the attention of Westcott, who said to John Shaw, the telegraph operator, who was with him in the tower, that "the thing had a fit;" and he thereupon began a series of experiments, by placing his finger lightly against the box and withdrawing it quickly so as to make the sparks fly from the highly charged box. He also obtained a short piece of insulated wire, and, holding it by the insulated part, he placed the uninsulated ends to the box, making it emit a shower of sparks. This was begun in the early part of the evening, about dusk, and was continued at various times from then until about 2 o'clock, when he was killed. Early in the evening, the witnesses say about dusk, two young men, who saw that the telephone line was crossed with an electric wire on John street, came to the tower and informed the inmates, of whom Westcott was one, of the fact that the wires were crossed, and that the condition resulting therefrom was dangerous. Two policemen, who came into the watchtower during the night, before the accident, saw Westcott experimenting or playing with the charged box. Afterwards, as said before, he placed his hand upon the box in such manner as to receive a shock that caused his hand to involuntarily grip the box, and at the same time he was hurled to the floor, tearing

the box from its fastening on the wall, and killing him almost instantly.

Assuming for the purposes of this appeal that the crossing of the telephone with the electric wire was negligence on the part of the appellant company, is appellee, under the state of facts detailed above, entitled to recover damages for his death? The decedent was 34 years of age, and, so far as this record shows, was a man of at least ordinary intelligence, and his business indicates that he understood something of machinery and the simpler laws of natural physics. It is perfectly plain, from the uncontradicted testimony, that he was at the time of his death not engaged in any duty connected with the telephone box from which he received the fatal shock, but, on the contrary, knowing the abnormal condition with which he was confronted, he was, for his own amusement, experimenting with it as above indicated. The manner in which he made these experiments shows clearly that he appreciated the occult danger connected with his operations; and, in addition, he had been informed early in the evening that the cause of the box being charged was, that the telephone line was crossed with the electric wire, and that this condition was dangerous. John Shaw, the night operator, testified without contradiction that Westcott was present when John Scott and Irwin Zitt brought in the information that the lines were crossed on John street, and the dangerous condition resulting therefrom.

The question, then, arises: If all the evidence touching the cause of Edward Westcott's death shows without any sort of contradiction that he knew the dangerous condition of the telephone box, and so knowing, without any duty calling him thereto, he deliberately placed his hand on the highly charged

vol. 124—44.

instrument, and received a shock which resulted in his death, can his personal representative recover damages? We think this question must be answered in the negative. In the case of City of Owensboro v. York's Adm'r, 117 Ky. 294, 77 S. W. 1130, 25 Ky. Law Rep. 1397, which was a case in some respects similar to the one under consideration, except that the decedent was an infant, the rule on the question in hand is thus stated: "It is earnestly insisted for the city that there can be no recovery, although it was negligent in having the hot wire in the street, for the reason that the intestate knew the danger and voluntarily took the risk, assuming that, if he stood on the board, the electrical current would not hurt him. This would be true of an adult, but the question is whether the same rule should be applied to an infant 12 years old. " The courts have gone a long way in saying that the highest possible care should be used by those who manufacture and sell electricity, because the electric current being invisible and silent is difficult to discover and guard against in advance of its fatal effects; and, while perhaps this reasoning cannot be applied strictly to a telephone company, which is not engaged in carrying electricity for sale or distribution, but only carries a current, not at all dangerous to human life, for its own purposes, we do not deem it necessary to stop here to draw or point out the distinction between it and the electric light and power companies proper. The rule is so well established that it needs no citation of authoriy to support it that where one knows of a dangerous condition, although it is brought about by the negligence of another, he cannot idly or wantonly experiment with it at the risk of that other.

The sum total of plaintiff's evidence, so far as appellant is concerned, is that the decedent was killed by coming in contact with one of its boxes which had

become charged with electricity by the crossing of its wire with an eletric light wire. The defendant, without contradiction, showed all the facts we have detailed above with reference to the decedent's knowledge of the dangerous condition of the telephone box, and the manner of his being killed by wantonly experimenting with a known danger. It seems to us clear that the court should have sustained the motion for a peremptory instruction, made at the close of all the testimony, to the jury to find a verdict in favor of appellant.

The judgment is reversed for proceedings consistent herewith.

Petition for rehearing by appellee overruled.