## Kentucky Utilities Co. v. Earles' Adm'r.

June 24, 1949.

Rehearing denied October 11, 1949.

Ogden, Galphin & Abell, T. M. Galphin, Jr. and Wheeler, Marshall & Shelbourne for appellant.

John E. Kirksey for appellee.

JUDGE CAMMACK—Reversing.

The question involved herein is the applicability of the attractive nuisance doctrine in the case of a boy who was 14 years and five months of age at the time he met his death. The death of David Lee Earles resulted from his climbing upon a power line tower near the grounds of the Farley Public School in McCracken

County where he was a pupil. The accident occurred after school hours on the afternoon of September 26, 1947. The power line with which the boy came in contact was 48 feet above the ground and was attached at the end of an eight foot cross-arm by means of two and one-half foot insulators which were fastened horizontally to each end of the cross-arm. The energized wires were attached at the end of each insulator by a loop wire which ran three to four feet below the end of the cross-arm.

The grounds urged for reversal are (1) the Earles boy was a trespasser on the Company's property and no recovery can be had unless the attractive nuisance doctrine applies; (2) the attractive nuisance doctrine does not apply to a boy 14 years of age unless it is shown that he was mentally incompetent to know the risk or danger to be encountered in venturing upon a dangerous instrumentality; and (3) there was no showing that David Earles was mentally defective or subnormal or incapable of knowing the risk or danger of coming in contact with the power line wire. Since we have reached the conclusion that the third contention is well grounded, we shall confine our consideration of the case principally thereto.

The appellee relies principally upon the case of Deaton's Adm'r v. Kentucky & West Virginia Power Company, 291 Ky. 304, 164 S. W. 2d 468, in urging that the power line tower was an attractive nuisance. On the other hand, the Company insists the tower was not an attractive nuisance. In support of this contention it points out several distinctive features between the tower in question and that dealt with in the Deaton Case; but, as indicated above, a decision of this question is not necessary here.

The recent case of Teagarden v. Russell's Adm'x, 306 Ky. 528, 207 S. W. 2d 18, 22, and cases cited therein, discuss the theory of the attractive nuisance doctrine and its application in this jurisdiction. A discussion of the doctrine would serve no useful purpose here. The case of Louisville & N. R. Co. v. Hutton, 220 Ky. 277, 295 S. W. 175, 53 A. L. R. 1328, furnishes an able discussion of the age limits within which the doctrine has been applied. As contended by the Company, the doctrine does not apply in the case of a child more than 14

years of age, in the absence of a showing that the child did not possess sufficient intelligence and discretion to be responsible for his acts and to know the risk or danger to be encountered in venturing upon a dangerous instrumentality. In the case of Columbus Mining Co. v. Napier's Adm'r, 239 Ky. 642, 40 S. W. 2d 285, it was held that the doctrine does not apply in the case of a boy 15 years of age, regardless of his mental capacity.

It is undisputed that David Earles was almost five months beyond his fourteenth birthday at the time he met his death. He was a trespasser and he had reached the age where he would be presumed to be capable of being contributorily negligent. For the appellee to avail himself of the exception discussed in the Hutton Case it was necessary for him to show that his intestate lacked sufficient intelligence, or was so undeveloped or defective mentally as to make him incapable of contributory negligence.

David Earles was enrolled in the eighth grade at the time he met his death. The only grade in which he ever failed was the fourth, and he had only three monthly failing grades during that year. His fourth grade teacher said the reason he was failed that year was she thought it would be better for him to take the fourth grade over. The next year he was passed from the fourth grade to the fifth, then to the sixth, then to the seventh and on to the eighth. His seventh grade average was C-. Of the 16 boys in the seventh grade, six were retained and only five made better grades for the year than did David. The opinion testimony of David's teachers was that he was somewhat of a slow student, some of them saying that he was below normal. On the other hand, his grades show that he was an average or low average student and was passed from grade to grade, with the exception of the fourth. Considerable stress is placed by the appellee upon the testimony of a teacher who had taught David the 19 days he attended the eighth grade. This teacher had given a true or false test in general science information a day or two before David's fatal accident and his score on that test was 62. It was the opinion of this teacher, on the basis of the test, that, as a matter of achievement in the field covered by the test, David was 12½ years old. But where is there any showing that David lacked sufficient intelligence, or was so deficient mentally, as not to know the consequence

of his acts? On the whole, his school records show that he was passed from grade to grade, making an average or low average standing. Even the true and false "tester" measured David's age in terms of achievement and not in terms of his mental capacity or ability. Conceivably, David's grades might have been "below normal" or average, but there was no showing of any mental deficiency on his part.

In the case of Codell Construction Co. v. Campbell's Guardian, 248 Ky. 1, 57 S. W. 2d 1010, relied upon by the appellee, the teacher was asked how the boy compared in intelligence with other boys and whether he had ordinary intelligence or was an extra bright boy. The teacher responded, "He was a pretty bright boy." In commenting upon that teacher's testimony it was said that his evidence was direct and that it showed the boy was above average, and that there was absolutely no showing that he was mentally inferior to the average 14 year old boy. Here we have no showing of mental inferiority. On the other hand, all the record evidence shows that David was an average or a low average student.

In commenting upon a similar case it was said by the Court of Appeals of Maryland in Grube v. Mayor, etc., of Baltimore, 132 Md. 355, 103 A. 948, 950, L. R. A. 1918E, 1036:

"There is nothing in the record to show that the plaintiff was mentally deficient for one of his age. Something was said about his grade in school, but if that was below what it ought to have been, it is not shown that it was by reason of any deficiency of mind. He may not have been studious, he may not have had the benefit of any instruction or assistance at home, or it may have been for various other reasons. * * *"

We think the appellee failed to show that David Earles was mentally incapable of knowing the risk or danger of coming in contact with the Company's power line.

Judgment reversed, with directions to set it aside and to grant a peremptory instruction in favor of the appellant if the evidence be the same on another trial.