**Edward BENTLEY, Suing by his Mother and Next Friend, Maxie Bentley, Appellant,**

v.

**SOUTH–EAST COAL COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 5, 1960.

Rehearing Denied May 13, 1960.

C. W. Napier, Hazard, for appellant.

J. W. Craft, Jr., Hazard, Harry L. Moore, Whitesburg, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment entered upon a directed verdict for the defendant, South-East Coal Company, in an action based upon the doctrine of attractive nuisance.

The plaintiff, Edward Bentley, his mother testified, was just ten days away from his fifteenth birthday at the time of his injury on January 27, 1958.  He lost his right hand and received injuries to the left as well as scattered burns when he entered an enclosure containing electrical transformers of South-East, situated on a hillside 75 to 100 feet from the Company office.  The plaintiff testified that the gate to the enclosure was unlocked for "maybe six months before I got hurt."  When asked whether he didn't believe the electricity was off because the gate was ajar, he replied "Yes, I did.  What child wouldn't?"  Nevertheless, he admitted that he knew what the danger sign on the enclosure meant.

Because of the fact that a child over fourteen years of age has been adjudged not to be entitled to the benefit of the attractive nuisance doctrine in this state, Louisville & N. R. Company v. Hutton, 220 Ky. 277, 295 S.W. 175, 53 A.L.R. 1328, evidence was offered here to show the plaintiff was not of normal mentality for a child of his age. The testimony of a Cincinnati psychiatrist to that effect was introduced, and it was established that the plaintiff repeated three classes during his schooling and was in only the eighth grade at sixteen years of age. Testimony of this nature could create a question for the jury, Louisville & N. R. Company v. Hutton, above, at page 179 of 295 S.W. However, the doctrine of attractive nuisance must necessarily be applied with great caution and restricted in its application. Hanners v. City of Ashland, Ky., 331 S.W.2d 729, and, in our 1931 case of Columbus Mining Company v. Napier's Adm'r, 239 Ky. 642, 40 S.W.2d 285, 287, in deciding the very point involved here, we said, in commenting on the Hutton case:

"In the same case we laid down the rule that a child fourteen years of age was presumptively outside of the protected class. Manifestly there must be a time when the presumption is conclusive. Otherwise the owner of premises will be under a duty to protect children of mature years, and even adults, if they can show that their minds are not normal. To avoid this liability the owner will have to undertake the impossible task of measuring the mental condition of every intruder, and if found deficient remove him from the premises, or maintain his premises in a reasonably safe condition for all classes of trespassers. In our opinion this would be carrying the doctrine, which was created for the benefit of children of tender years, to an extreme never contemplated. In the case of Central of Georgia R. Co. v. Robins, 209 Ala. 6, 95 So. 367, 36 A.L.R. 10, the Supreme Court of Alabama, after a review of the authorities, held as a matter of law that the attractive nuisance doctrine was not applicable to a fifteen year old child. The reasoning of that opinion is sound, and we are constrained to the same view."

We think this reasoning is applicable to the case at bar, and so hold. See, also, Kentucky Utilities Company v. Earles' Adm'r, 1949, 311 Ky. 5, 222 S.W.2d 929.

On the basis of the authorities quoted, the judgment is affirmed.