**Audrey JONES, Adm'x of the Estate of James Lynn Jones, Appellant,**

**v.**

**KENTUCKY UTILITIES COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 11, 1960.

As Modified on Denial of Rehearing May 6, 1960.

Williams, Rivers & Melton, Ernest W. Rivers, Paducah, for appellant.

Malcolm Y. Marshall, John T. Ballantine, Ogden, Galphin & Abell, Louisville, James G. Wheeler, Thomas J. Marshall, Jr., Wheeler & Marshall, Paducah, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment upon a directed verdict for the defendant in an action for death of a fifteen year old boy, James Lynn Jones, caused by contact with a high voltage wire of the Kentucky Utilities Company. The trial court ruled the defendant was not primarily negligent; but even if the proof should be regarded as sufficient to show negligence, the deceased was contributorily negligent. The appellant maintains that both issues should have been submitted to the jury.

The middle 35 foot span of a bridge over Clark River on Kentucky Highway No. 284, near the village of Riedland, is a steel truss. The uprights or end beams of the truss are diagonal to the top laterals, which are parallel with and about twenty feet above the floor. The plates of these girders are sixteen inches wide.

The defendant had for many years maintained three electric transmission wires across the stream parallel with the bridge. They were located 43 inches above the top level girder of the superstructure and thirteen inches from the edge, making the hypotenuse about 45 inches from the steel girder. The lines were suspended from poles across the river and were not attached to the bridge.

In the early evening, about or after dark, of September 21, 1956, the deceased boy, fifteen years old, and Russell Earls, sixteen years old, went to the bridge to see if they could catch some pigeons which seemed to be nesting there. They climbed the slanting ends of the girders to the level plate and walked out on it. The boys had climbed upon the top of the bridge the night before for the same purpose. Russell testified that as an automobile approached, he lay down on the girder because of the vibration. After the car had passed over the steel span, he looked back and saw fire flying from James' hands, "and a second after that

the fire quit and he tumbled off the bridge and fell into the water." Russell testified that the electric wires were "still shaking." It is apparent that anyone standing on the top of this bridge superstructure needed only to extend his arms in order to touch the deadly wires. We think it is a reasonable conclusion that the deceased lad lost his balance while standing or walking on the top of the bridge truss and touched or grabbed one of the wires in trying to regain his balance.

Let it be assumed *arguendo* that the defendant failed to observe the demand of the law that it guard against occurrences that could be reasonably anticipated by the utmost foresight; that is to say, that the defendant was negligent in placing its deadly wire so close to the bridge superstructure that boys, shown to have had the custom of parking their bicycles at the bridge and using the river there as a swimming hole, would follow or obey their venturesome instinct and climb upon the bridge and come in contact with the wire. The cases, including our own, some of which relate to similar or comparable conditions, are collected in Annotations, Duty to guard against danger to children by electric wires, 17 A.L.R. 833; 41 A.L.R. 1323; 49 A.L.R. 1053; 100 A.L.R. 621. There still remains in the case the question of whether the deceased boy was contributorily negligent as a matter of law, the facts in respect thereto being undisputed.

In considering the question of contributory negligence, we, of course, recognize that a youth fifteen years of age is presumed to be responsible for his acts of negligence but that the legal standard of care to be exercised for his own safety is not the same as that of an adult or mature person. The standard of care is generally defined to be that which is usually exercised by persons of the same age, experience and intelligence under like or similar circumstances. Lundy v. Brown's Adm'x, 305 Ky. 721, 205 S.W.2d 498. But the care of a minor as thus gauged advances in degree as he increases in mental development, dis-

cretion, knowledge and experience. Baldwin v. Hosley, Ky., 328 S.W.2d 426. As stated in Shearman and Redfield on Negligence, § 92:

> "It is not the fact of the child's minority that disentitles one who has negligently injured him from claiming exemption from liability in such case, but of his immaturity of judgment and lack of the power or capacity to appreciate the danger to which he exposes himself. To the extent that children are able to appreciate the danger to which they expose themselves, they are responsible for their contributory negligence. The law imposes upon minors the duty of giving such attention to their surroundings, and care to avoid danger, as may fairly or reasonably be expected from persons of their age and capacity."

The youth, James Lynn Jones, who was a high school student, will be deemed to have had sufficient knowledge and appreciation of danger to himself in climbing and walking upon the top of the high superstructure of the bridge, sixty feet above the river, and to be chargeable with an awareness of danger from the close electric wires.

We must regard James' tragic death as being the consequence of boyish recklessness in placing himself in a position of peril. Mayfield Water & Light Co. v. Webb's Adm'r, 129 Ky. 395, 111 S.W. 712, 18 L.R.A.,N.S., 179, 130 Am.St.Rep. 469; Louisville & N. R. Co. v. Brock's Adm'r, 281 Ky. 240, 135 S.W.2d 898; Kentucky Utilities Co. v. Earles' Adm'r, 311 Ky. 5, 222 S.W.2d 929; Kent v. Interstate Public Service Co., 97 Ind.App. 13, 168 N.E. 465; Austin v. Public Service Co., 299 Ill. 112, 132 N.E. 458, 17 A.L.R. 795; State ex rel. Kansas City Light & Power Co. v. Trimble, 315 Mo. 32, 285 S.W. 455, 49 A.L.R. 1047.

We are of opinion, therefore, that the court properly directed a verdict for the defendant.

Judgment is affirmed.