**JACKSON COUNTY RURAL ELECTRIC COOPERATIVE CORPORATION, Appellant,**

**v.**

**Lowell MASSEY, Appellee.**

Court of Appeals of Kentucky.

Dec. 9, 1960.

Rehearing Denied June 9, 1961.

Boyd F. Taylor, William A. Hamm, London, Denney & Landrum, Lexington, for appellant.

Brown & Tooms, London, for appellee.

CLAY, Commissioner.

Plaintiff recovered a $150,000 judgment against the appellant defendant for injuries sustained from contact with a high tension wire. The latter contends it was entitled to a directed verdict.

Defendant maintained two uninsulated wires across a rural road in Clay County. The lower one (not energized) was approximately 12½ feet above the

roadway at the place where the accident occurred. The energized high tension wire, carrying 7200 volts of electricity, was 4 feet above it.

The plaintiff, in the coal stripping business, was moving a Link Belt crawler type shovel on the road. The cab of this machine was 11 feet high and in front of it was attached a "gantry." This is a superstructure consisting of two iron posts with a crossbar which supports cables running to the boom and shovel. It extended about 8 feet above the cab and was higher than the wires at the point plaintiff chose to pass.

With one of his employees operating the shovel, plaintiff undertook to maneuver it under the line. In doing this he stood on the cab and used a 7 foot oak plank to lift the wires over the gantry as the shovel was driven forward. He successfully performed this operation with the lower one. At that time his head was about level with the high tension wire. At plaintiff's direction and while he was standing in this position, the operator moved the shovel forward. It apparently struck an elevation on the road, the cab tilted, and plaintiff's head came in contact with the energized wire. This caused plaintiff serious injuries.

The plaintiff knew these were electric wires and could see they were not insulated. He thought they were both energized but he says he did not know that either was a high tension wire.

We will assume defendant was negligent in maintaining the wires at such a low elevation across the road. It is contended the plaintiff was guilty of contributory negligence as a matter of law and therefore cannot recover.

█ It is well recognized that a person may be guilty of contributory negligence as a matter of law when he knowingly exposes himself to an obvious danger and assumes the risk of the event which causes his injury. The reasons underlying such a rule were examined in Morrison & Conk-

lin Const. Co. v. Cooper, Ky., 256 S.W.2d 505, and Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83. Other cases invoking it and adjudging the defendant was entitled to a directed verdict are: Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S.W.2d 575; Pease v. Nichols, Ky., 316 S.W.2d 849; and Schmidt v. Fontaine Ferry Enterprises, Inc., Ky., 319 S.W.2d 468, 69 A.L.R.2d 1062.

The rule has been applied in the following cases which involve contact with electrical wires: Citizens' Tel. Co. v. Westcott's Adm'x, 124 Ky. 684, 99 S.W. 1153; Vaught's Administratrix v. Kentucky Utilities Company, Ky., 296 S.W.2d 459; Carr v. Kentucky Utilities Co., Ky., 301 S.W.2d 894; Electric Plant Board v. Dotson, Ky., 304 S.W.2d 779; Jones v. Kentucky Utilities Company, Ky., 334 S.W.2d 263; Isbell v. Union Light, Heat & Power Co., D.C., 162 F.Supp. 471.

Plaintiff relies on Kentucky-Tennessee Light & Power Co. v. Priest's Adm'r, 277 Ky. 700, 127 S.W.2d 616; and Kentucky & West Virginia Power Co. v. Goodman, Ky., 257 S.W.2d 553. In the first case the injured party was attempting to lift 110 volt wires to move a steam shovel on a lot where excavation work was in progress. These were insulated wires. In view of the fact that the utility was aware of the particular work which might make the wires a hazard, and in view of the fact that they were supposedly safe, it was held a workman had the right to assume the wires were properly insulated and were not dangerous.

In the second case a man was electrocuted when a tree fell on a high tension wire. We held that the deceased's misjudgment in felling the tree and failing to recognize the danger did not make him contributorily negligent as a matter of law. The facts in those cases are distinguishable.

When we examine the facts of this case (which are undisputed) they reveal the following: The plaintiff knew that these wires carried electrical current and that

they were not insulated. He had no reason to assume the wires were not dangerous—quite the contrary. Obviously he recognized the danger because he procured a wooden plank to lift the wires rather than touch them by hand. The plaintiff voluntarily put himself in an extremely hazardous position. Though he was trying to avoid contact with the line because he recognized the danger, he deliberately exposed himself to it. His own maneuvers, coupled with those of his employee, caused the very accident he must have anticipated.

A person of ordinary prudence will not so carelessly expose himself to such a well known danger. He is not exercising reasonable care for his own safety when he does so. While the defendant may have breached a duty in maintaining its line at such an elevation that it could impede traffic, this condition was not the immediate and effective cause of the accident. That cause was the lack of care of the plaintiff in placing himself in such precarious position that he was likely to receive injury by making contact with the wire. Reasonable minds, unswayed by sympathetic considerations, must conclude that plaintiff's negligent act materially contributed to the accident.

The defendant was entitled to a directed verdict, and this not having been given, it should have been granted a judgment notwithstanding the verdict.

The judgment is reversed with directions to enter judgment for the defendant.