**KENTUCKY POWER COMPANY, Appellant,**

*v.*

**Olivet GEVEDON, Administratrix of the Estate of H. C. Gevedon, deceased, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1960.

Rehearing Denied March 17, 1961.

E. R. Hays, Baird & Hays, Pikeville, for appellant.

Bert T. Combs, C. Kilmer Combs, Combs & Combs, Prestonsburg, J. Blaine Nickell, Nickell & Walter, West Liberty, for appellee.

MONTGOMERY, Judge.

Olivet Gevedon, as the administratrix of the estate of her husband, H. C. Gevedon, deceased, recovered judgment against the Kentucky Power Company in the sum of $18,500 for his alleged wrongful death sustained by contact with a high tension wire. The power company urges on its appeal that it was not negligent and the deceased was guilty of contributory negligence as a matter of law.

Appellant maintained electric lines on poles located along the south curb line of U. S. Highway 460 through the City of Salyersville. The poles served a dual purpose, high voltage transmission and low voltage distribution.

The high voltage transmission lines were four in number, situated horizontally on the upper crossarm at the top of the pole and 26 feet and 9 inches above the ground. Three of these wires were energized with 12,000 volts between them or phase to phase with one neutral. The transmission wire on the side next to the traveled portion of

the highway was the one with which contact was made. The distribution lines were five in number, attached to the poles vertically several feet below the high voltage lines and carried 200 volts.

H. C. Gevedon was an employee of the Licking River Limestone Company, which was engaged in the reconstruction of U. S. Highway 460 through Salyersville. On the day of his fatal injury, he was working with Bob Elam, a crane operator, and was engaged in moving concrete headwalls of a culvert. The crane was outfitted with a 40 foot boom attached to the crane 4½ feet from the ground. The blocks of concrete were moved by attaching the hook on the end of a steel cable from the boom to a chain around the block and lifting it.

Just prior to the accident, the crane had been operated from the south side of the street. At the suggestion of the superintendent of the construction company, the crane was moved to the north side of the street for a better loading position. In this position, the boom on the crane was about five feet from the high tension wire and extended above it six to eight feet. The boom was equipped with 120 feet of hoist cable and 55 feet of drag cable.

After the crane was moved to the north side of the street, Gevedon carried the cable across the street to hook onto the chain around the concrete block. It was located on the south side of the street and about under appellant's wires. In order to hook onto the block, Gevedon pulled the cable to take the slack out of it. In so doing, he pulled the cable close to the high tension wire and the recoil caused the cable to come into contact with the wire, resulting in a blue flash. Gevedon was knocked into the middle of the street. He died on the way to the hospital.

It is unnecessary to consider whether appellant was negligent. Determination of the question of the decedent's negligence is decisive. Appellee contends that her husband did not know that the insulated wires were high voltage lines.

Gevedon was a construction laborer, carpenter, farmer, and Jack-of-all-trades. He had had experience in wiring houses on a rural electrification project. Gevedon was injured about 4:45 p. m. on July 15, 1957. He had been working in that area and should have seen and known of the proximity of electric lines. The lines were in plain view to the decedent at the place where he was working just prior to the receipt of his injury and at the time of his injury. The crane operator knew of the presence of the wires and that they were "hot." He undertook to keep the crane's boom free of the wires because he said he knew the wires were dangerous. The decedent, Gevedon, knew or should have known such wires were dangerous and that he should not have exposed himself to such danger in the exercise of ordinary care.

The legal principles governing such cases have been discussed frequently and recently. Kentucky Utilities Company v. Searcy, 167 Ky. 840, 181 S.W. 662; Morton's Adm'r v. Kentucky-Tennessee Light & Power Company, 282 Ky. 174, 138 S.W.2d 345; Kentucky & West Virginia Power Company v. Adams, Ky., 267 S.W.2d 717. The Searcy case involved a workman who flipped or jerked a telephone wire into contact with a high tension wire. The Adams case involved a crane and boom. Two recent cases reaffirming these principles and citing many other cases in which these principles are fully discussed are: Jackson County Rural Electric Coop. Corp. v. Massey, Ky., —— S.W.2d ——, and Milliken, Blackwell's Adm'r v. Union Light, Heat & Power Company, Ky., 341 S.W.2d 261. In the light of these principles, it is concluded that Gevedon was guilty of such negligence as would bar a recovery for his injury. Appellant's motion for a directed verdict and for judgment notwithstanding the verdict should have been sustained.

Judgment is reversed, with direction to enter judgment for appellant.