Dallas DUNN, Appellant,

v.

**JACKSON PURCHASE RURAL ELECTRIC COOPERATIVE CORPORATION, Appellee.**

Court of Appeals of Kentucky.

Oct. 18, 1963.

Rehearing Denied Jan. 31, 1964.

John C. Lovett and Lovett, Lovett & Lovett, Benton, for appellant.

Waller, Threlkeld, Whitlow, & Byrd, Paducah, for appellee.

CULLEN, Commissioner.

Dallas Dunn received serious injuries from electrical shock while engaged in inserting a length of copper pipe into a water well. High voltage lines of the Jackson Purchase Rural Electric Cooperative Corporation ran through the top branches of a tree in the vicinity of the well. The pipe which Dunn was handling either came in direct contact with the power lines or it received an electrical charge by contact with branches of the tree which had become energized by reason of their closeness to the power lines. On the theory that his injuries were caused by negligence of the Co-op in maintaining the lines Dunn sued the Co-op for damages. The trial court directed a verdict for the Co-op at the close of the plaintiff's evidence and entered judgment dismissing the action. Dunn has appealed.

As concerns *negligence* of the Co-op there was evidence that the limbs of the tree, which stood in the back yard of a private residence between the dwelling house and the well, had grown closely around the power lines, which were uninsulated. Several years prior to the accident the Co-op had trimmed the branches away from the wires but since that time had not done any trimming. Under the decision in Green River Rural Electric Co-op. Corp. v. Blandford, 306 Ky. 125, 206 S.W.2d 475, this evidence was sufficient to warrant a finding of negligence.

The negligence of the Co-op would consist either of causing concealment of the wires or of creating a situation in which the branches of the tree could become energized by contact with the wires (there was testimony by an electrician that the latter could happen). However, any negligence in regard to concealment could not have been a cause of Dunn's accident because he knew the wires were there and as to him they were not concealed. (It makes no difference that Dunn erroneously thought the wires were insulated. See Vaught's Adm'x. v. Kentucky Utilities Co., Ky., 296 S.W.2d 459; Carr v. Kentucky Utilities Co., Ky., 301 S.W.2d 894; Jones v. Kentucky Utilities Co., Ky., 334 S.W.2d 263; Kentucky Power Co. v. Geveden, Ky., 343 S.W.2d 381; Jackson County Rural Electric Cooperative Corp. v. Massey, Ky., 346 S.W.2d 484.) Therefore, in order to establish *causation,* it was incumbent upon Dunn to introduce proof warranting a finding that the pipe did not come in contact with the wires, but only with the tree branches.

Although the question is close, we think Dunn's evidence was sufficient to permit an inference to be drawn, rather than a mere speculation to be made, that the pipe touched only the branches and not the wires. This evidence was: (1) The testimony of Dunn's helper that the pipe "was angled away from the high line;" (2) testimony of two electricians that after the accident the pipe did not have a black or burned mark on it, where as ordinarily there would have been such a mark had the pipe come in direct contact with the wires; (3) testimony that the pipe (the lower end of which was being held by Dunn as he stood in the well pit below the surface of the ground) was only 24 or 25 feet long, while the wires were from 27 to 30 feet above ground level.

This brings us to the question of *contributory negligence.* It is our opinion that Dunn was not as a matter of law chargeable with knowledge of the danger of touching the tree branches with the pipe. However, we think a jury could find that he should have known of the danger in view of his knowledge that the wires ran through the branches and that the branches were wet from rain. Our conclusion is that the issue of contributory negligence was for the jury under an instruction predicating a finding of contributory negligence upon belief by the jury that a reasonably prudent man should have realized the danger of serious harm from maneuvering the pipe among the branches near the wires.

The instruction on the defendant's negligence should require the jury to determine, as a preliminary fact, whether the pipe struck the branches or the wires, the jury being instructed that they must find for the defendant if they believe the pipe struck the wires.

A question is raised concerning the refusal of the trial court to permit the plaintiff's expert witnesses on electricity to answer certain questions. It will be sufficient to say that the court should have permitted the witnesses to state what properties and behavior electricity would have under circumstances such as were proved to exist in this case, but not to give their opinion as to how the plaintiff did in fact receive his injury. See Darlington v. Owen County Rural Elec. Co-op Corp., Ky., 299 S.W.2d 599.

The judgment is reversed with directions for further proceedings in conformity with this opinion.