McKinley WHITTAKER, Appellant,

v.

Lucas (Luke) COLE, Appellee.

Court of Appeals of Kentucky.

March 5, 1965.

As Modified on Denial of Rehearing
June 11, 1965.

J. K. Wells, Paintsville, Earl R. Cooper, Salyersville, for appellant.

Marcus Mann, Arnett Mann, Salyersville, for appellee.

CULLEN, Commissioner.

Upon a jury verdict Lucas Cole recovered judgment against McKinley Whittaker in the amount of $25,000 as damages for personal injuries sustained by Cole when he was struck by Whittaker's automobile. Whittaker appeals, contending that (1) a verdict should have been directed in his favor because Cole as a matter of law had assumed the risk, and (2) the damages are excessive.

Cole owned and operated a small commercial garage in which there was a hydraulic hoist or grease rack used to raise

cars for greasing and similar servicing. There was a space of four feet between the back wall of the garage and the back ends of the two hoist beams (over which the automobile is driven to be raised). Whittaker, a regular customer of Cole's, drove in one day to have the tires on his car rotated. Cole told him to drive the car onto the rack. Cole took a position at the back end of the rack, with his back against the wall, and gave directions to Whittaker with hand signals as the latter drove onto the rack. Whittaker moved slowly onto the rack, stopping and inching forward in response to Cole's signals. When the front of his car reached a point a few feet from the back wall of the garage his foot slipped off of the brake pedal and onto the accelerator and the car leaped forward, pinning Cole against the wall and breaking both of his legs.

Whittaker pitches his argument, that Cole as a matter of law assumed the risk, entirely on statements made by Cole in his testimony that "It is pretty dangerous any time you are in front of a car"; he felt that he was in danger any time he was in front of a car; he stood in front of the car and signaled it forward because "That was my job. That was what I was expected to take"; and he felt that he was "expected to take that risk if I done the work I did." In substance the argument is that assumption of risk is a purely subjective matter; that if the injured person thought there was a risk it doesn't make any difference what other persons would have thought.

■ Our cases consistently have used objective standards in applying the doctrine of assumption of risk. In a number of cases we have said that in order to charge a person with assumption of risk the danger must be so obvious that a person of ordinary prudence would not subject himself to it. See Kentucky & West Virginia Power Co. v. Goodman, Ky., 257 S.W.2d 553; Beam v. Calvert, Ky., 277 S.W.2d 35; City of Cold Spring v. Ross, Ky., 358 S.W.2d 507. A similar view is expressed in Restatement of Torts, sec. 466, Comment (a) c, as follows:

"* * * his intentional exposure of himself to the known danger must be unreasonable. In order that it may be unreasonable it is necessary that a reasonable man in his position would not expose himself to it. * * *"

■ It may be that the foregoing test is not the best one, and that the test should be whether an ordinarily prudent man would recognize and appreciate the existence of a substantial risk, rather than whether a reasonable man would chance the risk. Cf. Morrison & Conklin Const. Co. v. Cooper, Ky., 256 S.W.2d 505. However, under either test the standard is the ordinarily prudent man. The appellant would have us measure the seriousness of the risk by the apprehensions of the particular plaintiff rather than by the appreciations of the ordinarily prudent man. We think this is not acceptable, because it would penalize the overly fearful man who envisioned substantial danger in a situation that an ordinary man would consider reasonably safe.

■ The instructions in the instant case (of which there is no complaint) called for a finding of assumption of risk if the jury believed the situation was unsafe, or for a finding of contributory negligence if the jury believed Cole did not exercise the care of an ordinarily prudent man. In our opinion the jury was entitled to find that the situation was not unsafe in that it did not present an unreasonable risk and the jury also was entitled to find that Cole did not fail to exercise ordinary care. There was no serious danger apparent in the situation. The only possibility of danger was in an uncommonly negligent handling of the car by Whittaker, and we cannot say as a matter of law that a reasonable man would have considered this a substantial risk. Most drivers have no difficulty at all in controlling a vehicle at snail speed. Therefore, Whittaker was not entitled to a directed verdict.

■ We think the damages are not excessive. · Cole was 51 years of age, and was earning $200 per month from his garage work. It is true that he had been receiving a partial disability pension from the Veterans' Administration based on a 40 percent disability evaluation, but this partial disability had not prevented him from working as a mechanic. He was hospitalized for some two months after the accident, and at the time of the trial, almost a year after the accident, he was still confined to a wheel chair. He had incurred hospital and medical expenses of almost $2,000. His doctor testified that his chances of ever being able to walk normally were zero, and that he was totally and permanently disabled from performing physical labor such as that required of a mechanic. In our opinion this evidence amply supports the award of damages.

The judgment is affirmed.