**S. R. BARNETT, Appellant,**

v.

**Jewell T. HENDRIX, Appellee.**

Court of Appeals of Kentucky.

June 6, 1969.

Lloyd A. MacDonald, William T. Walton, MacDonald & Walton, Flemingsburg, for appellant.

Andrew V. Fox, Fox, Wood & Wood, Maysville, Richard L. Hinton, Flemingsburg, Charles Landrum, Jr., Landrum, White & Patterson, Lexington, for appellee.

REED, Judge.

Plaintiff-appellant, Barnett, was severely injured when a projecting tree limb knocked him from the back of a truck which was being operated by his employer, the defendant-appellee, Hendrix. Plaintiff sued defendant seeking damages for the personal injuries sustained. Plaintiff claimed that the accident was caused by defendant's negligence. The defendant denied negligence on his part and contended that plaintiff was contributorily negligent, thus barring recovery. A jury verdict was returned in defendant's favor at the trial. The plaintiff appeals from a judgment dismissing his action in accordance with the verdict. We are affirming the judgment because we find that defendant was entitled to a directed verdict.

Defendant, a farm owner, employed plaintiff and several others to haul baled straw from a field to a barn on the farm. Defendant operated the truck which was of the flat bed type without racks on the sides. Plaintiff and the others threw the bales of straw from the ground to the bed of the truck where they were stacked. Defendant drove the loaded truck through the field on a farm road to the barn where the truck was unloaded and the baled straw stored. At one point on the farm road used, a tree limb projected out over the road. On the day of the accident several full loads were taken from the field to the barn over the farm road without incident. On these occasions plaintiff rode in the cab of the truck with defendant.

In midafternoon the time came to transport the final load. Plaintiff and another laborer stood on the back of the truck. The other workmen threw the bales up to them. Plaintiff and his companion stacked the bales. This final load was a partial one and the bales were stacked in staircase fashion, each stack of bales being one less than the stack in front of it. The back end of the truck was empty. Defendant stayed in the cab of the truck and did not observe or participate in the loading and stacking. Plaintiff climbed up to the top of the top bales of straw and undertook to ride to the barn in this position. Defendant did not know where plaintiff was riding in the back of the truck.

Defendant drove the truck along the same farm road as he had done previously. When the truck approached the projecting tree limb it was being driven in "bulldog low"—a very slow speed. Plaintiff and his companion riding with him saw the projecting limb about 25 to 30 feet in front of them. Plaintiff lay down on top of the bale. The limb struck the bale and whipped around striking plaintiff who was then thrown to the ground. The truck stopped four to six feet from the point of the accident. The front wheels of the truck were in the regular farm roadway.

Plaintiff said that the rear wheels were "over on the right a little."

Plaintiff, a tenant farmer of many years' experience, was growing a tobacco crop on the farm; he was familiar with the farm road used and the projecting tree limb.

Plaintiff relies on the cases of Whittaker v. Cole, Ky., 390 S.W.2d 893 and Hurst v. Sanders, Ky., 399 S.W.2d 470, contending that they establish his right to recover as a matter of law.

Defendant insists that our decisions in Trosper v. East Jellico Coal Co., 135 Ky. 406, 122 S.W. 205; Paducah Pole & Timber Co. v. Brockwell, 161 Ky. 424, 170 S.W. 970; and Jackson County Rural Electric Cooperative Corp. v. Massey, Ky., 346 S.W.2d 484, required a finding that plaintiff—aware of an existing danger and voluntarily placing himself in a position where he would come in contact with the limb—was negligent as a matter of law and this negligence materially contributed to causing the accident barring his right to recover.

The cases relied on by plaintiff hold that where the plaintiff exposes himself to a known hazard his conduct is not unreasonable as a matter of law where no serious danger in the situation would be apparent to a reasonable man in the same situation and where the risk of harm incurred is uncommonly negligent conduct by the defendant occurring subsequent to the exposure to the hazard. Whittaker v. Cole, Ky., 390 S.W.2d 893.

■ The cases relied on by defendant are consistent with the principle and introduce the additional situation where the plaintiff deliberately exposes himself to a known hazard which has been created by the negligence of the defendant. Where reasonable minds must conclude that the plaintiff's conduct was unreasonable and therefore constituted negligence which materially contributed to his injury, recovery is denied. Jackson County Rural Electric

Cooperative Corp. v. Massey, Ky., 346 S. W.2d 484. We have abolished the separate defense of assumption of risk and adjusted the defense of contributory negligence accordingly; in the last situation mentioned whether the plaintiff's conduct was unreasonable as a matter of law should be determined in accordance with the considerations enumerated in Parker v. Redden, Ky., 421 S.W.2d 586.

In both Gullett v. McCormick, Ky., 421 S.W.2d 352, and Roberts v. Davis, Ky., 422 S.W.2d 890, we held that a passenger riding on a farm truck on top of bales of hay was not contributorily negligent as a matter of law. Both cases involved a dismissal of the action by summary judgment and presented factual situations differing materially from that presented in the instant case.

It was alleged in Gullett that the defendant with knowledge of the plaintiff's position on top of the bales negligently operated the truck causing it to jerk and throw the plaintiff to the ground. In Roberts the defendant secured the bales on the back of the truck by means of a rope which he tied. His 17-year-old brother was killed when the bales on which the boy was riding slipped and fell from the back of the truck while defendant was driving it down a paved road at about 20 miles an hour. In Roberts, the defendant's inferable negligence in insecurely tying the bales would create a hazardous condition but not an obvious danger to which the plaintiff deliberately exposed himself.

■ In the case before us the plaintiff makes no real complaint about the defendant's operation of the truck. Plaintiff contends that defendant had a duty to ascertain plaintiff's position on the back of the truck before starting the last trip to the barn. Plaintiff argues that an ordinarily prudent man would have taken such precautions. We are not so persuaded. Plaintiff was an experienced farm laborer. He was familiar with the farm road, and the terrain and the projecting tree limb. A number of safe trips were made on the same road on the same day with the same truck fully loaded with bales of straw. It is our conclusion that it would stretch the fault theory of tort liability past the breaking point to declare that an ordinarily prudent man in defendant's situation should be expected to foresee that plaintiff might create a condition by stacking the bales too high—making the ordinary and practicable route of travel of the truck which had been demonstrated to be safe, hazardous, and then expose himself to the hazard. The defendant exercised ordinary care in the operation of the truck. He was not negligent.

Assuming, arguendo, plaintiff's contention to be tenable and that defendant could be found to have breached a duty to observe plaintiff's position and alter the route of travel of the truck, plaintiff is still barred from recovery. Plaintiff stacked the bales too high and placed himself on top of the top bale. He acted neither from necessity nor in an emergency. Other, safer courses were open to him. His conduct was unreasonable and negligently created a condition from which the ensuing consequences causing his injury were natural and probable. The defendant's after-occurring conduct was not "uncommonly negligent." In this aspect reasonable minds must conclude that plaintiff's negligence was at least a concurring cause of the harm. See Parker v. Redden, Ky., 421 S.W.2d 586.

The defendant was entitled to the directed verdict in his favor that he unsuccessfully sought at the conclusion of plaintiff's evidence and again at the conclusion of all the evidence.

Since our disposition rests upon the undisputed facts, plaintiff's claims of trial errors in the admission and exclusion of evidence are immaterial.

The judgment is affirmed.

All concur.